# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY ___AP___ Deputy Clerk
Dec 29, 2017
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 29, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 17-10567-EE
Case Style: Rogelio Cabrera v. CMG Development LLC, et al
District Court Docket No: 1:16-cv-20581-FAM

The enclosed judgment is hereby issued as the mandate of this court.

Enclosed is the Bill of Costs.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

Also included is the approved bill of costs for this appeal.
Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Brenda H. McConnell
Phone #: (404) 335-6209

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 17-10567

_____

District Court Docket No.
1:16-cv-20581-FAM

ROGELIO AROLDO CABRERA,
and all others similarly situated under 29 U.S.C. 216(b),

                              Plaintiff - Appellant,

versus

CMG DEVELOPMENT LLC,
CARLOS M. GONZALEZ,
ALEX GRANADOS,

                              Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: November 14, 2017
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna Clark

ISSUED AS MANDATE: 12/29/2017

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10567
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20581-FAM


ROGELIO AROLDO CABRERA,
and all others similarly situated under 29 U.S.C. 216(b),

                                      Plaintiff - Appellant,

versus

CMG DEVELOPMENT LLC,
CARLOS M. GONZALEZ,
ALEX GRANADOS,

                                      Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Rogelio Aroldo Cabrera appeals the district court's sua sponte dismissal of his suit against CMG Development LLC (CMG), Carlos M. Gonzalez, and Alex Granados (together, the CMG Parties) for failure to serve the summons and the complaint upon them. Although the dismissal was without prejudice, Cabrera asserts that a portion of his claims, brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., will be time barred when refiled, and thus are effectively forfeited by the dismissal. Cabrera contends the district court abused its discretion when it failed to notify him before dismissing the action as required under the Federal Rules of Civil Procedure 4(m). After review,[1] we vacate the district court's order and remand for further proceedings.

I. BACKGROUND

In his complaint filed February 18, 2016, Cabrera states he was employed as a construction worker at CMG from June 2013 until February 2016. He alleges that CMG, together with Gonzalez, an owner or officer of CMG, and Granados, a manager at the company, failed to pay him time and a half for the ten or so hours of overtime he worked each week, and seeks double damages and attorney's fees under the FLSA.

On February 23, the district court ordered Cabrera to file a short statement of the claim, setting forth the total amount of alleged unpaid wages, the calculation of

---

[1] We review a sua sponte dismissal under Rule 4(m) for an abuse of discretion. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

2

such wages, and the nature of the wages. Cabrera complied within the court-mandated deadline. On March 3, 2016, counsel for the CMG Parties filed a notice of appearance on their behalf. Two weeks later, on March 18, the CMG Parties filed a "Response to Plaintiff's Statement of Claim," asserting they had no records of Cabrera ever having been employed by CMG. They also informed the court that they had asked Cabrera for any such documents he may have had in his possession, but that Cabrera had not yet responded. Shortly thereafter, the district court sua sponte ordered Cabrera to produce any such documents. Cabrera replied that CMG paid him exclusively in cash and that he possessed no additional documentation to prove his employment. In April 2016, the CMG Parties filed a response, in which they represented that all of CMG's employees were scheduled on payroll with supporting documentation, and contended that Cabrera's claim for additional wages was "patently false and frivolous." They asked the court to require Cabrera to produce his income tax returns "to see if he has reported the alleged income that he has received for the past 2-1/2 years."

Aside from a motion to withdraw from representation and an order granting it,[2] the record does not evidence any further activity in the case until December 21, 2016. On that date, the district court entered a sua sponte order dismissing the

---

[2] Appellees CMG and Gonzalez are represented by the same counsel on appeal as they were before the district court. Counsel initially represented all three defendants before moving to withdraw from representing Granados. The district court granted the motion, and Granados has not filed a brief on appeal.

3

action without prejudice.  The one-page order states only that the court "considered the pertinent portions of the record, and the last recorded date of various proceedings."  As of the date of the order, Cabrera "ha[d] not filed a return of service."  The court noted that "[i]t appears that [Cabrera] filed the complaint on February 18, 2016, and service of the summons and the complaint has not been executed as of the date of this Order."  The court thus dismissed the case without prejudice "for failure to serve the complaint in compliance with Federal Rule of Civil Procedure 4(m)."

The next day, Cabrera moved to reopen the case.  Cabrera explained that although proof of service had been "inadvertently overlooked" and was not filed with the court, service was effected on February 22, 2016—within the time limit set by the Federal Rules—and he attached supporting documentation to that effect.  In addition, Cabrera pointed out that opposing counsel had filed a notice of appearance on behalf of the CMG Parties within two weeks of the date of the complaint, indicating that they were aware of the suit; indeed, discovery was already underway.  Finally, Cabrera noted that his overtime claims would be diminished by at least twenty-six weeks due to the statute of limitations as a result of the dismissal, and submitted a memorandum of law explaining why the case should not have been dismissed.  The district court denied the motion without comment.

4

Cabrera moved for reconsideration in January 2017, essentially repeating the arguments in his motion to reopen. This time, the CMG Parties filed a response. In it, they expressly admitted they had been served, but accused Cabrera of misusing discovery and failing to provide information they had requested. The district court denied the motion for reconsideration, again without explanation. Cabrera appealed.

## II. DISCUSSION

On appeal, Cabrera contends the district court abused its discretion by dismissing the case sua sponte without first notifying him. First, he submits service was in fact effected; his only error was failing to file proof of service with the court. The district court would have learned of this fact, Cabrera asserts, instead of laboring under the misconception that the defendants had not been served, if it had followed the strictures of Rule 4(m), which provides that the district court may dismiss the action on its own, but only after notice to the plaintiff. Moreover, the CMG Parties appeared before the court, curing any defects in the service of process. Finally, Cabrera contends that the CMG Parties failed to file an answer or a motion under Rule 12 within the prescribed time limits. As such, they waived the defense of insufficient service of process. Cabrera contends the dismissal operated as a dismissal with prejudice because a substantial portion

5

of his overtime claims will be time barred as a result. As such, the district court's decision should be subject to stricter review.

The CMG Parties reply by noting that the district court has broad discretion to manage its docket. They contend there was no error because Cabrera could not show good cause in failing to file proof of service with the court and thus the district court was correct to dismiss the case. In addition, they dispute Cabrera's contention that the dismissal operated as a dismissal with prejudice because only about twenty percent of his claim would be time barred.

We begin our analysis by turning to the language of the rule. Rule 4(m) provides as follows in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The plain language of the rule is clear: there are two means by which a court may dismiss an action if process is not served within the requisite time frame. First, it can do so in response to a party's motion. Second, it can dismiss the action "on its own *after notice to the plaintiff*." *Id.* (emphasis added). Either way, the plaintiff must be notified before the action is dismissed. *See* H.R. 7154, 97th Cong., 128 Cong. Rec. 30929, 30921 (1982) ("[The rule] ensures that a plaintiff will be notified of an attempt to dismiss the action. If dismissal for failure

6

to serve is raised by the court upon its own motion, the [rule] requires that the court provide notice to the plaintiff.  If dismissal is sought by someone else, Rule 5(a) of the Federal Rules of Civil Procedure requires that the motion be served upon the plaintiff.").  Notification is critical because if an action is in danger of being dismissed, the plaintiff is given an opportunity to explain the process defect to the court.  At that point, the court is empowered to dismiss the action without prejudice or order that service be made within a specified time.  Significantly, however, the court is deprived of that discretion in the event the plaintiff shows good cause.  The foregoing inquiry—which is mandatory, even if the court ultimately decides to dismiss the case—cannot proceed unless the plaintiff is notified.  *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) ("Even if a district court finds that a plaintiff failed to show good cause, the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.  Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." (quotations omitted)); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340–41 (7th Cir. 1996) ("When considering a process defect like the one involved in this case, a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service. . . . [A]bsent a showing

of good cause, a district court must still consider whether a permissive extension of time is warranted.").

In the present case, the district court entered its sua sponte order dismissing the action based on Cabrera's apparent failure to serve the CMG Parties without having first notified Cabrera of its intention to do so. This constituted an abuse of discretion; by failing to adhere to the procedure set forth in the rule, the district court deprived Cabrera of the opportunity to show good cause and sidestepped its duty to consider whether to exercise its discretion to order that service be made within a specified time. The court's action was not within the range of choice available to it. *See United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) ("[T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." (quotation omitted)).

More fundamentally, however, we note that the record supports Cabrera's assertion that the CMG Parties never filed an answer or a Rule 12 motion within the specified time limits. *See* Fed. R. Civ. P. 12(a)(1). They thus failed to timely raise the defense of insufficient service of process, and as a result, they have waived it.[3]  *See Hemispherx Biopharma, Inc. v. Johannesburg Consol.*

---

[3] To the extent the CMG Parties' "Response to Plaintiff's Statement of Claim" can be construed as a timely responsive pleading, it nevertheless neglects to raise insufficient service of process as a defense.

8

*Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Under Rule 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer."). Accordingly, setting aside the district court's failure to notify Cabrera, the court was without discretion to dismiss the action in any event because, as we have previously held, "[o]nce a defendant has waived any objection to insufficient service of process, the court may not, either upon the defendant's motion or its own initiative, dismiss on that ground." *Id.* (quotation omitted). As such, on remand, the district court need not consider whether Cabrera's neglect was excusable or constituted good cause because it is now precluded from dismissing the action for insufficient service of process.

## III. CONCLUSION

For the foregoing reasons, we **VACATE** the district court's order of dismissal and **REMAND** the case for further proceedings.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 14, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-10567-EE
Case Style: Rogelio Cabrera v. CMG Development LLC, et al
District Court Docket No: 1:16-cv-20581-FAM

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellees.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, EE at (404) 335-6173.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## Bill of Costs

Court of Appeals Docket No. __17-10567-EE__

**ROGELIO AROLDO CABRERA** vs. CMG DEVELOPMENT LLC, CARLOS M GONZALEZ, ALEX GRANADOS,

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. FRAP 39 and 11th Cir. R. 39-1 govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | X | | Included Appendix | | $331.77 | 331.77 |
| Appendix | | | | Fed Ex/Transmission | | $286.42 | 0 |
| Appellee's Brief | | | | | | | |
| Reply Brief | | X | | | | $141.12 | 141.12 |
| Notice of Appeal and Filing Fee | | | | | | $505.00 | 500.00 |
| Appendix Corrected | | X | | | | $82.80 | 82.80 |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | **TOTAL** | $1,347.11 REQUESTED | $ 1,055.69 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Signature: _[signed] 11/22/17_   Date Signed: __11/22/17__

Attorney Name: __Rivkah F. Jaff, Esq.__   Attorney for: __Appellant-Plaintiff__
(Type or print your name)   (Type or print name of client)

E-mail: __Rivkah.Jaff@gmail.com__   Phone: __(305) 865-6766__

Street Address/City/State/Zip: __300 71st Street, Suite 605, Miami Beach, FL 33141__

---

**FOR COURT USE ONLY**

Costs are hereby taxed in the amount of $ __1,055.69__ against __Appellees__

and are payable directly to __Appellants__

Douglas J. Mincher, Clerk of Court

Issued on: __12/29/2017__   By: _[signed] Tina Portu_  Deputy Clerk   DATE: __11/29/2017__

BOC Rev.: 3/15