5701

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROGELIO AROLDO CABRERA,
and all others similarly situated          CASE NO: 16-CV-20581-FAM
under 29 U.S.C. 216(b),

    Plaintiff,
v.

CMG DEVELOPMENT, LLC,
CARLOS M. GONZALEZ,
ALEX GRANADOS,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CMG DEVELOPMENT, LLC AND CARLOS M. GONZALEZ

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants, CMG Development, LLC and Carlos M. Gonzalez (together, the "Defendants"), hereby submit their Answer and Affirmative Defenses to the Complaint Under 29 U.S.C. 201-2016 Overtime Wage Violations (the "Complaint") filed by Plaintiff, Rogelio Aroldo Cabrera ("Plaintiff") on February 18, 2016.

1. Answering Paragraph 1 of the Complaint, Defendants admit the allegations contained therein.

2. Answering Paragraph 2 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny the allegations contained therein.

3. Answering Paragraph 3 of the Complaint, Defendants admit that CMG Development, LLC is a corporation that transacts business within Miami-Dade County, but deny the remaining allegations contained therein.

4. Answering Paragraph 4 of the Complaint, Defendants admit that Carlos M. Gonzalez, is the principal of CMG Development, LLC, but deny all remaining allegations contained therein.

5. Answering Paragraph 5 of the Complaint, Defendants admit that Granados worked for CMG Development, LLC at some point during the relevant time period, but deny all remaining allegations contained therein.

6. Answering Paragraph 6 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, deny the allegations contained therein.

## COUNT I

## FEDERAL OVERTIME WAGE VIOLATION

7. Answering Paragraph 7 of the Complaint, the Defendants admit an action under the Fair Labor Standards Act arises under the laws of the United States, but deny all remaining allegations contained therein.

8. Answering Paragraph 8 of the Complaint, the Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. section 1331 for jurisdictional purposes only.

9. Answering Paragraph 9 of the Complaint, the Defendants state that 29 U.S.C. section 207(a)(1) speaks for itself. Defendants further state that this paragraph contains legal

conclusions to which no response is required.  To the extent a response is, in fact, required, Defendants deny the allegations of this paragraph.

10. Answering Paragraph 10 of the Complaint, the Defendants deny the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, the Defendants state that this paragraph contains legal conclusions to which no response is required.  To the extent a response is, in fact, required, Defendants deny the allegations of this paragraph as worded.

12. Answering Paragraph 12 of the Complaint, the Defendants state that this paragraph contains legal conclusions to which no response is required.  To the extent a response is, in fact, required, Defendants deny the allegations of this paragraph.

13. Answering Paragraph 13 of the Complaint, the Defendants admit that CMG Development, LLC's gross annual sales for the years 2013 through 2015, inclusive, exceeded $500,000, but deny all remaining allegations contained therein.

14. Answering Paragraph 14 of the Complaint, the Defendants admit the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, the Defendants deny the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, the Defendants deny the allegations contained therein.

17. Answering Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief whatsoever, including, without limitation, double damages, attorney's fees, costs or interest.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or part, by the doctrines of waiver, ratification, consent and/or estoppel.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action insofar as Plaintiff has failed to prove that he performed work for which he was not properly compensated.  The Complaint also fails to state a cause of action against the Defendants because Plaintiff did not work for either one of the Defendants at any point during the relevant time period alleged in this action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for violation of the Fair Labor Standards Act is barred by the two-year statute of limitations governing such claim.  See 29 U.S.C. § 255(a).

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to satisfy one or more conditions precedent to instituting a lawsuit under the Fair Labor Standards Act, including, but not limited to, the failure to provide written consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b).

### FIFTH AFFIRMATIVE DEFENSE

The alleged violations of the Fair Labor Standards Act were caused by third-parties and non-parties unrelated to the Defendants.  The subject non-parties that may be liable and are not identifiable at this time, but could be independent subcontractors and/or sub-subcontractors

retained by CMG Development, LLC on one or more construction projects during the relevant time period, which will be identified to the Plaintiff and parties in the normal course of discovery.

### SIXTH AFFIRMATIVE DEFENSE

With respect to the matters alleged in the Complaint, Defendants at all times acted in good faith and in accordance with reasonable commercial and construction standards and any applicable statutory requirements, thus precluding Plaintiff from any recovery as against the Defendants.

**Law Offices of Robert P. Frankel, P.A.**
Attorneys for Defendants
1000 South Pine Island Road, Suite 410
Plantation, Florida 33324
Robert@frankelpa.com
(305) 358-5690; (305) 358-2306 FAX

By__/s/_ _Robert P. Frankel_____
ROBERT P. FRANKEL
Florida Bar No. 304786

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was served upon Alex Granados, 5877 Triphammer Road, Lake Worth, Florida 33463; and J.H. Zidel, Esquire 300 71st Street, Suite 605, Miami Beach, Florida 33141 zabogado@aol.com on this January 5, 2018.

By_/s/__ _Robert P. Frankel_____
ROBERT P. FRANKEL