UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20581-CIV-FAM

ROGELIO AROLDO CABRERA and all          )
others similarly situated under 29 U.S.C.   )
216(b),                                        )
                                               )
                    Plaintiff,                 )
          vs.                                  )
                                               )
CMG DEVELOPMENT LLC, et al.,          )
                                               )
                    Defendants.               )
_____  )

**PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND FOR SANCTIONS AS TO DEFENDANTS, CMG DEVELOPMENT LLC AND CARLOS M GONZALEZ,[1] AND FOR SANCTIONS**

COME NOW the Plaintiff, by and through the undersigned, pursuant to S.D.L.R. 26.1 and Federal Rules of Civil Procedure 26(b), 34, and 37(a), and files this above-described Motion to Compel Better Responses to Plaintiff's First Request for Production directed towards CMG DEVELOPMENT LLC and CARLOS M GONZALEZ ("Defendants"), and for sanctions, and as grounds thereof states as follows:

1.    On October 31, 2016, Plaintiff served Defendants, CMG DEVELOPMENT LLC, CARLOS M GONZALEZ, and ALEX GRANADOS, with his initial discovery including Plaintiff's First Request for Admissions, First Request for Production, and First Set of Interrogatories. *See attached hereto* Exhibit "A."

---

[1] Defense Counsel representing Defendants CMG Development and Carlos M Gonzalez has withdrawn as counsel for Defendant Alex Granados only [DE16]. Defendant Alex Granados was previously represented by Defense Counsel when Plaintiff's initial discovery was propounded on him and, as he has failed to provide responses, timely or otherwise, and/or to file a responsive pleading to the operative Complaint, Plaintiff intends to move for a final default judgment as to him. Plaintiff is in conferral with counsel who will be appearing in this matter on behalf of Defendant Gonzalez and will move accordingly as necessary.

2.   On November 21, 2016, Defendants, CMG DEVELOPMENT LLC, CARLOS M

GONZALEZ, and ALEX GRANADOS, served their Responses to said discovery on September

9, 2016. *See attached hereto* Exhibit "B."

3.   As set forth in more detail below, Defendants have objected to discovery germane to

Plaintiff's FLSA overtime wage claims, especially as it relates to FLSA coverage/subject matter

jurisdiction, specifically the interstate commerce prong, as well as to Defendants' contentions

that Plaintiff was not their "employee," and better responses are needed for Plaintiff to establish

a factual record to present to the Court and/or Jury. Plaintiff should be afforded an opportunity to

review documents that would be found in the possession, custody, and control of Defendant so as

to adequately prepare for any dispositive motions and/or Trial. *See, Daniel v. Pizza Zone Italian

Grill & Sports Bar, Inc.,* 2008 U.S. Dist. LEXIS 23007, *6 (M.D. Fla. 2008).

4.   Having conferred with Defendant and being unable to resolve the following disputes,

Plaintiff herein respectfully requests the Court direct Defendants to better respond to Plaintiff's

First Request Nos. 2-9, 17, 18, 27, 31, and 45, and to produce all responsive documents within

one week of the Court's Order, that Defendants' objections to the discovery requests be deemed

waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection

with this Motion and all related work. Further, Plaintiff respectfully requests the Court Order

Defendants to produce all responsive documents wherein Defendants have stated that the "will

produce documents within its possession, custody and control that are responsive to this Request,

and that can be located after diligent search and reasonable inquiry" within one week of the

Court's Order.

## MEMORANDUM OF LAW

Under Fed. R. of Civ. P. 34, parties must respond to request for production within thirty days of being served with the discovery, unless the parties stipulate to another date. According to Fed. R. of Civ. P, Rule 37(A) and (B), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production or inspection.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). The Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.3d 1545, 1547 (11th Cir. 1985). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Parsons v. General Motors Corp.,* 85 F.D.R. 724 (N.D. Ga. 1981); *See also Hickman v. Taylor,* 329 U.S. 495, 501 (1946). Discovery is not limited to the issues raised by the pleadings because discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). The Court must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules. *Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F. Supp. 2s 1304, 1306 (S.D. Fla. 2010) (collecting cases). To sustain a discovery objection, the party opposing production must show that the requested discovery has no possible bearing on the claims and defense raised in this case. *See, e.g., Wrangen v. Pa. Lumbermans Mut. Uns. Co.,* 593 F. Supp. 2d 1273, 1279 (S.D. Fla. 2008). This means that the party must demonstrate either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal

relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures. *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). To show that the requested discovery is otherwise objectionable, the onus is on the party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Rossbach v. Rundle,* 128 F. Supp. 3d 1348, 1354 (S.D. Fla. 2000) (citing in part *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985).

The Federal rules allow for broad discovery, which does not need to be admissible at trial so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence". See Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). These Requests cannot be said to not be calculated to lead to the discovery of admissible evidence. Furthermore, "…the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how…each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive.' *Josephs v. Harris Corp.,* 677 f.2D 985, 992 (3rd Cir. 1982); *See also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, 6-8 (S.D. Fla. Nov. 18, 2014).

In accordance with S.D.L.R. 26.1(i)(2), the following Plaintiff respectfully requests the Court to compel:

> **2. A copy of the <u>Corporate Defendant's</u> federal tax returns for the year 2012, 2013, 2014, 2015, and 2016, including quarterly reports (filed with both the IRS and state of Florida).**
>
> **<u>Response:</u>** DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "quarterly reports"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither

relevant nor reasonably calculated to lead to the discovery of
admissible evidence; (iv) it seeks confidential, proprietary business
documents that belong to CMG Development LLC; and (v) it is
disproportionate to the needs of discovery in this case. Without
waiving, and subject to, these objections and the General
Objections, DEFENDANTS respond to this Request as follows:
CMG Development LLC, a Florida limited liability company, is
under not required to submit quarterly statements with the IRS.
Further, the DEFENDANTS stipulate that CMG Development
LLC met (or will meet) the threshold of $500,000 or more in gross
business revenue for the years 2013 through 2016 required under
the Fair Labor Standards Act. Accordingly, the DEFENDANTS
financial records are not relevant and/or subject to discovery at this
juncture, as the Plaintiff, a purported employee of DEFENDANTS
between the years 2013-2016, has not recovered a monetary
judgment against either of the DEFENDANTS.

29 U.S.C. 203(s)(1) defines "enterprise" coverage as an enterprise that has employees
"handling, selling, or otherwise working on goods or materials that have been moved in or
produced for commerce by any person and is an enterprise whose annual gross volume of sales
made or business done is not less than $500,000." In the Eleventh Circuit, "[t]he Court can
examine *sua sponte* the jurisdictional basis of any action at anytime." *Armstrong v. Barrow et
al.*, 1996 U.S. Dist. LEXIS 12819 (S.D. Ala. 1996)(emphasis added), *citing Barnett v. Bailey*,
956 F.2d 1036, 1039 (11th Cir. 1992).

Plaintiff alleges that he worked for Defendants from on or about June 22, 2013 through
on or about February 1, 2016. [DE1]. As such, the relevant years are the years 2012, 2013, 2014,
2015, and 2016. Defendants are contesting both prongs of FLSA enterprise coverage/subject-
matter jurisdiction (i.e. interstate commerce, $500,000 monetary threshold); Defendants have not
stipulated to FLSA individual coverage either. Defendants have not produced its tax returns for
any years and Plaintiff is entitled to review and analyze pertinent financial documents. The
production of the documents responsive to these requests would not be burdensome as they are
undoubtedly maintained in the regular course of the Defendants' offices or accountant's records.

To determine whether the $500,000 threshold has been met, the Jury and/or Court must use a method that also looks at quarterly period from the year prior, in this case 2013. This is called the rolling quarter method and is a regulatory tool to determine whether a defendant employer, who once met the gross sales requirement in the previous year, continues to be subject to enterprise coverage in the following year. *See, Solis v. Milling Away, LLC*, No. 5:09CV2886, 2012 WL 359688, at *4 (N.D. Ohio Feb. 2, 2012); *See also, Exime v. E.W. Ventures, Inc.*, 591 F.Supp.2d 1364, 1375 (S.D.Fla.2008). As stated in *Donovan v. I-20 Motels, Inc.*, 664 F.2d 957 (5th Cir. 1981), under the rolling quarter method "if an employer's business exceeds the dollar volume requirement in any calendar year, the business will be presumed to be covered in the next year". To rebut such presumption, a defendant-employer would need to show that following year is below the monetary threshold.  See, 29 CFR 779.266.  For example, if a business in 2009 reached the $500,000 threshold, it would be presumed the threshold was met in 2010;  but the presumption could be rebutted if the business closed in 2010 and it was conclusively shown the threshold was not met (although the year was not yet over and taxes were not filed). Under the rolling quarter method, an employer determines if it is covered by the Act at the beginning of each quarter, by calculating its annual dollar volume based on the sum of the four preceding quarters.  In other words, on January 1, 2013, the Defendant employer totals his gross volume of sales for the year ended December 31, 2012. If the total meets the gross $500,000 sales volume requirement, he is covered by the Act for the next quarter; if not, he is exempt from the Act. Thus, Plaintiff seeks documents that are relevant to determining whether FLSA enterprise coverage applies to the relevant year 2014.

Moreover, in any type of FLSA wage and hour case, it would be difficult to imagine how a party or the Court could determine whether wage and hour laws were violated if payment and

tax information are not provided. This information and documentation is relevant to the volume of business to support the hours Plaintiff is claiming in overtime. Where the employer, as in the case at bar, has failed to keep accurate or adequate records, the law should not deny recovery on the grounds that the employee is unable to prove the precise extend of uncompensated work. *See Anderson v. Mt. Clemons Pottery Co.,* 328 U.S. 680, 688 (1946). Also, employers have the responsibility to withhold taxes and pay social security and Plaintiff should have the opportunity to review the documents he seeks with regards to same. The aforementioned responsive financial documents would also reflect what amounts of money was being paid to Plaintiff (i.e. W-2/1099 forms), how Plaintiff was classified, whether Defendants purchased tools and materials, and other issues related to whether Plaintiff was an independent contractor. *See Garcia v. Luis Innovation Construction LLC, et al.,* Case No.: 15-24664-MGC [DE56]; *See also Nieves v. Rodriguez, et al.,* Case No. 16-20161-CIV-MARTINEZ/GOODMAN [DE68 & 81]. Further, the requested documents are necessary to establish a record to present to the Jury of the volume of business in relation to the wages paid to Plaintiff, which would support Plaintiff's overtime claims to the extent Plaintiff was involved (based on the volume of business done an inference can be made as to the amount of hours Plaintiff was required to work for Defendant) and go directly towards credibility issues. The tax returns are, at the very least, relevant to the question of Plaintiff's employment status and impeachment evidence. *See, e.g., Rindfleisch v. Gentiva Health Servs., Inc.*, 2015 WL 12552052, at *2 (N.D. Ga. Feb. 10, 2015) ("The Court finds that Plaintiffs' federal and state income tax returns, with all attachments and schedules, are, at the very least, arguably relevant to damages in this action. The returns may show other sources of income for Plaintiffs, other employers for Plaintiffs, or provide impeachment evidence, among other things."). Defendants' failure to pay income taxes to attack Defendants' credibility under

Federal Rule of Evidence 608(b). *See Rakip v. Paradise Awnings Corp.*, 2011 WL 6029981, at

*3 (S.D. Fla. Nov. 30, 2011) (Cooke, J.); *Barrera,* No. 09–cv–21841, ECF No. 291 at *4 (S.D.

Fla. Jan. 26, 2011) (Graham, J.); *Palma v. Safe Hurricane Shutters, Inc.*, 2011 WL 6030073, at

*1 (S.D. Fla. Oct. 24, 2011) (Simonton, Mag. J.); *Chamblee v. Harris & Harris, Inc.*, 154 F.

Supp. 2d 670, 681 (S.D.N.Y. 2001) ("Evidence that a witness has failed, for years, to file a tax

return is a matter which affects the witness's credibility.").

     As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh

Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*,

616 F.3d 1217 (11th Cir. 2010).  *Polycarpe* clarified that in this Circuit, it is now of no

consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise

coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section

203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for

commerce."  616 F.3d, at *5-6 (LEXIS pagination).  The *Polycarpe* Court stated that "we must

vacate the judgment for the Defendant if there is a question about where the "goods" or

"materials" were produced or where they have moved. The district courts will need to make

some further decisions about the interstate history of the items in these cases."  *Id*. Consequently,

from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer

can no longer argue that the employees' handling etc. of the goods or materials, that were merely

manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate

commerce as a matter of law.

     In the case at bar, Defendants are contesting FLSA coverage/subject-matter jurisdiction,

specifically the interstate commerce prong. Such responsive documents would go directly to

issues related to whether two or more **employees** (which is not limited to the Plaintiff) regularly

and recurrently engaged in handling, selling, or otherwise working on goods that have been

moved in or produced for commerce. The Southern District of Florida has held that (emphasis

added):

> 29 C.F.R. § 779.238. The Eleventh Circuit has also relied on this language to find that enterprise coverage did not exist. *Scott v. K.W. Max Investments,* 256 F.App'x 244, 248-49, No. 07-10649, 2007 WL 2850926, at ----3-4 (11th Cir. Oct.2, 2007) (unpublished). However, that opinion is not binding, and even if it were, the factual differences are so great as to make the case nearly inapplicable. Furthermore, **to the extent Defendants believe that the individual employees that have brought suit must regularly and recurrently engage in the handling of goods of materials that have moved in interstate commerce, <u>Defendants have misread the regulation</u>**. The regulation requires that the *enterprise* regularly and recurrently have **two or more employees** engaged in such activities, and **<u>does not require that it be the individuals bringing suit.</u>**

*Galdames v. N & D Inv. Corp.*, 21 Fla. L. Weekly Fed. D 529 (S.D. Fla. 2008), <u>aff'd,</u> 432 Fed.

Appx. 801 (11th Cir. 2011). *Galdames supra* clarifies (under enterprise coverage) that it is

sufficient if "**two or more employees** engaged in such activities, and does not require that it be

the individuals bringing suit." *Id. See also*, *Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364,

1373 (S.D. Fla. 2008)("Plaintiff must also demonstrate that Defendants' employees handled

interstate material on a "regular and recurrent" basis. *See* 29 C.F.R. § 779.238"); *Olson v. Star

Lift Inc.,* 709 F. Supp. 2d 1351, 1355 (S.D. Fla. 2010)(emphasis added)("Because no evidence

produced at trial established that Defendants had **two or more employees** regularly and

recurrently engaged in handling, selling, or otherwise working on goods that have been moved in

or produced for commerce, there is no enterprise coverage in this case.").

The responsive documents requested are directly relevant to assist in determining

whether Plaintiff and other employees were handling goods and materials that originated from

outside the state of Florida and what products those were as they will reveal where Defendants'

supplies are purchased, manufactured etc., especially with regards to the schedules attached to

said filings. Further, the requested financial documents, Defendants' tax returns and the

underlying schedules, would reflect information relevant to interstate commerce and reveal where Defendants' supplies are purchased, manufactured etc. For example, Schedule L of Federal Tax Returns reflect "inventories," "trade notes and accounts receivables," "depletable assets," and "other assets." Schedule M-1 reflects "expenses recorded on the books this year not deducted on this return (itemize)." Under "Other Deductions" (Form 1065 Line 20) it would include uniforms, computers, office expenses, supplies, automobile and truck expenses, and other such expenses which are directly relevant to Defendants' dispute regarding interstate commerce and regarding whether Plaintiff was an independent contractor. The underlying documents provided to Defendants' accountant would reflect Defendants' inventories and may also reflect where these items were purchases and manufactured. Defendants' objections that were interposed are spurious and/or nondescript at best. Defendants' bank statements would also reflect what products were purchased and from where (i.e. Home Depot, Target, etc.) and what specifically was purchased at each distributer. Employers also have the responsibility to withhold taxes and pay social security and Plaintiff should have the opportunity to review the documents with regards to same. The aforementioned responsive financial documents would also reflect how Defendants classified Plaintiff and what amounts of money they were paying Plaintiff (i.e. W-2/1099 forms). *See Garcia v. Luis Innovation Construction LLC, et al.,* Case No.: 15-24664-MGC [DE56]; *See also Nieves v. Rodriguez, et al.,* Case No. 16-20161-CIV-MARTINEZ/GOODMAN [DE68 & 81]. Further, the requested documents are necessary to establish a record to present to the Jury of the volume of business in relation to the wages paid to Plaintiff, which would support Plaintiff's overtime claims to the extent Plaintiff was involved (based on the volume of business done an inference can be made as to the amount of hours Plaintiff was required to work for Defendants). Further, there is not such this as "accountant-

client privilege" under the Federal Rules of Civil Procedure which govern the instant case.

Therefore, the Court should direct Defendants to better respond to Request for Production No. 2

and provide all responsive documents to same.

> **3. A copy of all documents used by Defendants' or their accountant to prepare the Defendants' federal tax returns for the years 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants' Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, and 2016.**

> **Response:** DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "quarterly reports"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks confidential, proprietary business documents that belong to CMG Development LLC; (v) it seeks documents protected from disclosure by the accountant-client privilege, the attorney-client privilege, applicable regulatory privilege or any other privilege or immunity; and (vi) it is proportionate to the needs of discovery in this case. Without waiving, and subject to, these objections and the General Objections, DEFENDANTS respond to this Request as follows: DEFENDANTS would refer Plaintiff to their Response to Request for Production No. 2, supra.

Plaintiff reincorporates the law and facts as set forth in Nos. 2. Further, the UCT-6 Form,

RT6 Quarterly Reports, and 940 Forms specifically reflect "gross wages paid this quarter" and

"total payments to all employees" and sets forth the total number of full-time and part-time

workers who performed serviced during or received pay for the payroll period. The RT6

Quarterly Reports requires the employer to list the names of the employees and the gross wages

paid to each listed employee for that quarter. Undoubtedly, this is relevant to not only the volume

of business in relation to the number of hours worked by Plaintiff but is also germane to whether

other employees were being paid on an hourly basis, salaried basis, and/or paid overtime for work performed. Wage information can lead to discoverable evidence regarding the number of hours Defendant had its workforce on duty which also reflects on its hours of operation and wage policies. Moreover, it does not appear Defendants could have accurately filed their annual or quarterly returns without reference to the UCT-6 and DR-15EZ forms, and they should have been produced as underlying tax documentation. If Defendants did file the documents, it should not be burdensome to produce them. *See, e.g., Solis v. Milling Away, LLC*, No. 5:09CV2886, 2012 WL 359688, at *4 (N.D. Ohio Feb. 2, 2012); *Exime v. E.W. Ventures, Inc.*, 591 F.Supp.2d 1364, 1375 (S.D.Fla.2008); *Donovan v. I–20 Motels, Inc.*, 664 F.2d 957, 958 (5th Cir.1981); 29 C.F.R. 779.266. Said forms will allow the Jury and Court to review the gross volume of sales (also referred to as the "AGV") for all of the relevant preceding quarters. This is necessary so that it can be determined whether FLSA enterprise coverage applies the year 2014. Therefore, the Court should direct Defendants to better respond to Request for Production No. 3 and provide all responsive documents to same.

> **4. A copy of all documents in the possession, custody or control of all the Defendants' accountant(s) used or to be used to prepare the Defendants' federal tax returns for the years 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, and 2016.**

> <u>**Response:**</u> DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "quarterly reports"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks confidential, proprietary business documents that belong to CMG Development LLC; (v) it seeks documents protected from disclosure by the accountant-client

privilege, the attorney-client privilege, applicable regulatory privilege or any other privilege or immunity; (vi) it is disproportionate to the needs of discovery in this case; and (vii) it is duplicative of Request for Production No. 3.

Plaintiff reincorporates the law and facts as set forth in Nos. 2-3 above. Further, under information and belief, Defendants accountant was actively involved in the maintenance of employee payroll. Thus, any records that Defendants' accountant maintained (i.e. UCT-6 Form, RT6 Quarterly Reports, and 940 Forms, etc.) which specifically reflect "gross wages paid this quarter" and "total payments to all employees," the number of full-time and part-time workers who performed serviced during or received pay for the payroll period, etc., would be relevant as set forth above as to Request for Production No. 3 analysis. Therefore, the Court should direct Defendant to better respond to Request for Production No. 4 and provide all responsive documents to same.

### 5. All "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue by Defendants for the years 2012, 2013, 2014, 2015, and 2016.

**Response:** DEFENDANTS object to this Request on the grounds, among others, that: (vi) it is overbroad, unduly burdensome and harassing; (ii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it seeks confidential and private documents; and (ivii) it is disproportionate to the needs of discovery in this case.

Plaintiff reincorporates the law and facts as set forth in Nos. 2-4 above. Moreover, the Federal rules allow for broad discovery, which does not need to be admissible at trial so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence". See Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). These Requests cannot be said to not be calculated to lead to the discovery of admissible evidence. Furthermore, "…the mere statement by a party that the interrogatory was 'overly

broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how…each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive.' *Josephs v. Harris Corp.,* 677 f.2D 985, 992 (3rd Cir. 1982); *See also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, 6-8 (S.D. Fla. Nov. 18, 2014). Further, "such boilerplate objections, without more, "are inadequate and tantamount to not making any objections at all." *Sherwin-Williams Co. v. JB Collision Servs, Inc.,* Case Nos. 13-1946-CIV-LAB (WVG) and 13-1947-CIV-LAB (WVG), 2014 U.S. Dist. LEXIS 93368, 2014 WL 3388871, at *2 (S.D. Cal. July 9, 2014) (internal quotation marks and citations omitted); *See also Mills v. East Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W. Va. 2009) ("Objections to [discovery requests] must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."). Therefore, the Court should direct Defendants to better respond to Request for Production No. 5 and provide all responsive documents to same.

The DR-15EZ on Line 1 requires "Gross Sales".  Such is crucial to this matter, with particular respect to the rolling quarter method discussed in more detail above as the Jury and/or Court need those documents to accurately make a necessary legal determination regarding FLSA enterprise coverage and the $500,000 threshold. The DR-15EZ forms will allow the Jury and Court to review the gross volume of sales (also referred to as the "AGV") for all of the relevant preceding quarters.  Therefore, the Court should direct Defendant to better respond to Request for Production No. 5 and provide all responsive documents to same.

>**6. All of the individual Defendants' and Corporate Defendants'**
>**bank records, including without limitation bank statements,**
>**cancelled checks, etc., from any and all banks the Defendants**
>**have/had accounts with for the years 2012, 2013, 2014, 2015,**

**and 2016.**

> **Response:** DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "Corporate Defendants'"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks confidential and private documents; (v) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (vi) it is disproportionate to the needs of discovery in this case.

Plaintiff reincorporates the law and facts as set forth in Nos. 2-5 above. Plaintiff is entitled to said documents as these are documents that are relied on in preparation and filing of Defendant's taxes and go directly to the veracity of Defendants' taxes. *See, Jia Hu Qian v. Siew Foong Hui*, 2013 WL 3009389 (S.D.N.Y. June 14, 2013); *See also, Francois v. Fried Green Tomatoes, Inc.*, 306 F. App'x 443 (11th Cir. 2008) (jury could reasonably question tax returns and business ledgers to determine gross sales); *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 882-83 (11th Cir. 2008). Defendants' bank records would also reflect what products were purchased and from where (i.e. Home Depot, Target, etc.) and what specifically was purchased at each distributer. *See also Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008) (information related to gross sales is normally in the hands of the Defendant and not the hands of a lower level employee (i.e. Plaintiffs)). Analogously, information regarding Defendants' suppliers and/or former/current employees would normally be found in the hands of the Defendant-employer for axiomatic reasons. Defendants' bank records including, without limitation, copies of corresponding checks reflected on said statements, etc., would show purchases made which goes directly to issues related to interstate commerce. Therefore, the Court should direct Defendant to better respond to Request for Production No. 6 and provide all responsive documents to same.

**7. A copy of all contracts between Defendants and their clients from the years 2012, 2013, 2014, 2015, and 2016.**

**Response:** DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "clients"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks it seeks confidential, proprietary business documents that belong to DEFENDANTS; (v) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (vi) it is disproportionate to the needs of discovery in this case.

Plaintiff reincorporates the law and facts as set forth in Nos. 2-6 above. Contracts with clients would indicate whether the individual Defendants had any managerial or signatory authority, which would go towards individual liability. Further, same would be the underlying documents relied on to file Defendants tax returns and would reflect business done as it relates to the monetary threshold requirement. Moreover, financial information is usually to be found in employer's hands: not ordinarily within a lower-level worker's knowledge who performed manual labor. *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra*. Plaintiff will need to depose Defendants' suppliers *duces tecum* regarding where Defendants' supplies are purchased, manufactured etc. As to interstate commerce, it does not appear at this time, that Defendants are willing to stipulate to interstate commerce, and do not appear to be voluntarily offering evidence relevant to same regarding where their supplies are purchased, manufactured etc.

**8. A copy of all documents of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2012, 2013, 2014, 2015, and 2016.  This request includes any documents with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.**

**Response:** DEFENDANTS object to this Request on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (iv) it is disproportionate to the needs of discovery in this case. Without waiving, and subject to, these objections and the General Objections, DEFENDANTS respond to this Request as follows: DEFENDANTS would refer Plaintiff to their Response to Request for Production No. 2, supra.

Plaintiff reincorporates the law and facts as set forth in Nos. 2-7 above. Said documents

will also reflect whether any of Defendants' clients were permitted to pay within a certain

window of time (i.e. within 90 days of purchase, etc.) and, therefore, the monies received would

only be reflected the following year. Therefore, the Court should direct Defendants to better

respond to Request for Production No. 8 and provide all responsive documents to same.

**9. A copy of all receipts of whatever kind that reflect the amount of money paid to (<u>or owed to</u>) Defendants by their clients for the years 2012, 2013, 2014, 2015, and 2016. This request also includes any receipts with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.**

**<u>Response:</u>** DEFENDANTS object to this Request on the grounds, among others, that: (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it is disproportionate to the needs of discovery in this case; and (v) it is duplicative of Request for Production No. 8.

Plaintiff reincorporates the law and facts as set forth in Nos. 2-8 above. Therefore, the

Court should direct Defendants to better respond to Request for Production No. 9 and provide all

responsive documents to same.

**17. Any and all corporate books and records of Defendant CORPORATION and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendants.**

**Response:** DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "CORPORATION"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; (v) it is disproportionate to the needs of discovery in this action; (vi) it seeks confidential, proprietary business documents that belong to DEFENDANTS; and (vii) it seeks documents that are equally available to Plaintiff by accessing the Florida Department of State's website, www.sunbiz.org. Without waiving, and subject to, these objections and General Objections, DEFENDANTS respond to this Request as follows: The Articles of Incorporation, annual report forms and related documents of CMG Development LLC can be located and reviewed on the Florida Department of State's website, www.sunbiz.org.

Defendants bear the burden of showing the vagueness or ambiguity of a request and "should exercise reason and common sense to attribute ordinary definitions to terms and phrases used in interrogatories." *Deakins v. Pack*, No. 10-1396, 2012 WL 242859 at *12 (S.D. WV January 25, 2012). While *Deakins* specifically was about interrogatories, applying the same logic to requests for production would be within the spirit of Local Rule 26.1(g)(3)(A). The Request is far from vague and an appropriate response is not "Plaintiff can find these documents himself." If Defendants have them in their possession, custody, and control, they need to provide them as responsive document as they may have more than that which is available online. These documents relate to the Corporate filings and, thus, are related to individual liability. Therefore, the Court should direct Defendants to better respond to Request for Production No. 17 and provide all responsive documents to same.

> **27. Any and all employee handbooks, personnel policies or other documents, which, embody or otherwise reflect the Defendant's employment policies, practices and procedures in effect at any time since January 1, 2002, including any amendments or modifications thereto.**

> **Response:** DEFENDANTS object to this Request on the grounds,
> among others, that: (i) it is vague and ambiguous, including with
> respect to the terms "employment policies"; (ii) it is overbroad,
> unduly burdensome and harassing; (iii) it seeks documents that are
> neither relevant nor reasonably calculated to lead to the discovery
> of admissible evidence; and (iv) it is not limited to a time period
> relevant or even proximate to the events at issue in this action.
> Without waiving, and subject to, these objections and General
> Objections, DEFENDANTS respond to this Request as follows:
> DEFENDANTS will produce documents within its possession,
> custody and control that are responsive to this Request, and that
> can be located after diligent search and reasonable inquiry.

Undoubtedly, Defendants policies, practices, and procedures related to its payment of overtime and minimum wages compensation during the relevant years is directly relevant to issues in the case at bar for unpaid overtime violations sounding under the FLSA. Further, changes and/or trends in the changing of Defendants' handbook and policies are germane to issues related to overtime wage violations. Further, as to willfulness, s*ee Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws, the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. *See* Fla. Const. Art. 10, § 24(e)). Thus, Plaintiff is entitled to these documents regarding company policies concerning Defendants' knowledge of the law in relation to their alleged violations.  As the Court stated in *Morrison v. Quality Transps. Servs*., 474 F. Supp. 2d 1303 (S.D. Fla. 2007),   "[t]he issue of willfulness under § 255(a) is a question of fact  for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.,* 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co*., 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S.

Dist. LEXIS 3220, 2007 WL 141129,  (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co*., 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005).

Moreover, as set forth below imposition of liquidated doubling of the wage damages requires Defendants to demonstrate they acted in good faith. As to good faith, such documents at trial will assist the jury in understanding Defendants' continued practice of FLSA violations and failure to take affirmative steps to ensure wage and hour compliance. Especially in light of the fact that several of the prior and/or pending lawsuits against Defendants are regarding unpaid overtime and/or minimum wages and/or misclassification of employees as independent contractors and the resulting violations of the applicable Federal and Florida laws. Pursuant to the Eleventh Circuit ruling in  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150 (11th Cir. 2008), when a jury finds that defendants acted willfully the Court has no discretion to find that such defendants acted in good faith (in which case liquidated damages would necessarily be imposed).  While it is true that liquidated damages are decided by the Court post-trial if the Plaintiff prevails, the Court should permit Plaintiff to review said documents so that any ruling on liquidated damages is based on all the evidence concerning whether the Defendants acted in good faith. Therefore, the Court should direct Defendant to better respond to Request for Production No. 27 and provide all responsive documents to same.

> **31. All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors other than the Plaintiff who worked at the Defendants' facility during the relevant time period.**
>
> **Response:** DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "facility"; (ii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it is not limited to a time period

> relevant or even proximate to the events at issue in this action; and
> (iv) it is argumentative insofar as it assumes that Plaintiff was ever
> employed by either one of the DEFENDANTS.

Plaintiff reincorporates the law and facts as set forth in Nos. 2-6 above. Undoubtedly

monies paid to Plaintiff, which would be reflected in documents like W-2 and/or 1099

statements, is directly relevant to a wage-and-hour case such as the one at bar. Therefore, the

Court should direct Defendant to better respond to Request for Production No. 31 and provide all

responsive documents to same.

> **45. Any and all documents and/or electronic data which
> demonstrate Defendants' actions were in good faith and they
> had reasonable grounds for believing that they were in
> compliance with the FLSA.**
>
> **Response:** DEFENDANTS object to this Request on the grounds,
> among others that: (i) it calls for legal conclusion; (ii) it is
> argumentative insofar as it assumes that DEFENDANTS were not
> in compliance with the Fair Labor Standards Act; and (iii)
> discovery is ongoing. Without waiving, and subject to these
> objections and the General Objections, the DEFENDANTS
> respond to this Request as follows: Plaintiff did not work for either
> one of the DEFENDANTS at any time.

Plaintiff reincorporates the law and facts as set forth in Nos. 27 above. If the response is

none then Defendants should be required to amend their response to reflect "none." Therefore,

the Court should direct Defendant to better respond to Request for Production No. 45 and

provide all responsive documents to same.

**Sanctions:**

The Court ought to sanction Defendants as follows pursuant to Rule 37(a)(4)(A):

> …the Court **shall**, after affording an opportunity to be
> heard, require the party or deponent whose conduct
> necessitated the motion or the party or attorney advising
> such conduct or both of them to pay to the moving party the
> reasonable expenses incurred in making the motion,
> including attorney's fees, unless the court find that the

> motion was filed without the movant's first making a good
> faith effort to obtain the disclosure or discovery without
> court action, or that the opposing party's nondisclosure,
> response, or objections was substantially justified, or that
> other circumstances make an award of expenses unjust.

Plaintiff needs better Responses to his First Request for Production to establish a factual record that can be presented to the Court and/or Jury. This information is specifically relevant to Plaintiff's overtime wage claims including with regards to FLSA coverage/subject-matter jurisdiction. Plaintiff moves for sanctions pursuant to Federal Rule of Civil Procedure 37.

WHEREFORE Plaintiff herein respectfully requests the Court direct Defendants, CMG DEVELOPMENT LLC, and CARLOS M GONZALEZ, to better respond to Plaintiff's First Request Nos. 2-9, 17, 18, 27, 31, and 45, and to produce all responsive documents within one week of the Court's Order, that Defendants' CMG DEVELOPMENT LLC, and CARLOS M GONZALEZ, objections to the discovery requests be deemed waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Further, Plaintiff respectfully requests the Court Order Defendants, CMG DEVELOPMENT LLC, and CARLOS M GONZALEZ, to produce all responsive documents wherein Defendants have stated that the "will produce documents within its possession, custody and control that are responsive to this Request, and that can be located after diligent search and reasonable inquiry" within one week of the Court's Order.

## <u>CERTIFICATE OF CONFERRAL</u>

The undersigned has conferred with Defense Counsel for CMG Development and Carlos M. Gonzalez, who does not agree to provide better responses and responsive documents.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF

300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah Jaff ___
    Rivkah Jaff, Esquire
    Florida Bar No.: 107511

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 1/12/18 TO:**

**ROBERT P. FRANKEL, ESQ.
ROBERT P. FRANKEL & ASSOCIATES P.A.
25 W. FLAGLER STREET, SUITE 900
MIAMI, FL 33130
305-358-5690
FAX: 305-358-2306
EMAIL: ROBERTFRANKEL@BELLSOUTH.NET**

**NELSON C. BELLIDO, ESQ.
JAMES P. GUEITS, ESQ.
ROIG LAWYERS
44 W. FLAGLER STREET, SUITE 2100
MIAMI, FL 33130
(305) 405-0997
PLEADING@ROIGLAWYERS.COM**

**BY:__/s/____Rivkah Jaff _____
    RIVKAH JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20581-CIV-FAM

ROGELIO AROLDO CABRERA and all        )
others similarly situated under 29 U.S.C.   )
216(b),                                )
                                       )
            Plaintiff,                 )
      vs.                              )
                                       )
CMG DEVELOPMENT LLC,                   )
CARLOS M GONZALEZ,                     )
ALEX GRANADOS,                         )
                                       )
            Defendants.                )
_____ )

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND FOR SANCTIONS AS TO
DEFENDANTS, CMG DEVELOPMENT LLC AND CARLOS M GONZALEZ, AND
FOR SANCTIONS**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion is granted and therefore:

1. DEFENDANTS, CMG DEVELOPMENT LLC, and CARLOS M GONZALEZ, SHALL BETTER RESPOND TO PLAINTIFF'S FIRST REQUEST NOS. 2-9, 17, 18, 27, 31, AND 45, AND TO PRODUCE ALL RESPONSIVE DOCUMENTS WITHIN ONE WEEK OF THIS ORDER, THAT DEFENDANTS' OBJECTIONS TO THE DISCOVERY REQUESTS ARE HEREBY DEEMED WAIVED.

2. DEFENDANTS, CMG DEVELOPMENT LLC, and CARLOS M GONZALEZ, SHALL PRODUCE ALL RESPONSIVE DOCUMENTS WHEREIN DEFENDANTS HAVE STATED THAT THE "WILL PRODUCE DOCUMENTS WITHIN ITS POSSESSION,

CUSTODY AND CONTROL THAT ARE RESPONSIVE TO THIS REQUEST, AND THAT CAN BE LOCATED AFTER DILIGENT SEARCH AND REASONABLE INQUIRY" WITHIN ONE WEEK OF THIS ORDER.

3. PLAINTIFF IS HEREBY AWARDED SANCTIONS FOR ALL FEES AND COSTS ASSOCIATED WITH THE ABOVE-DESCRIBED MOTION AGAINST DEFENDANTS, CMG DEVELOPMENT LLC, and CARLOS M GONZALEZ, JOINTLY AND SEVERALLY. PLAINTIFF SHALL FILE WITHIN (20) DAYS OF THIS ORDER A MOTION REQUESTING ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES AND COSTS. THE COURT SHALL RETAIN JURISDICTION TO ENTERTAIN SAME.

DONE AND ORDERED IN CHAMBERS IN MIAMI-DADE, FLORIDA, ON THIS _____ DAY OF _____, 2018.

_____
FEDERICO A. MORENO
UNITED STATED DISTRICT JUDGE

Copies to: Counsel of Record