UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20581-CIV-FAM

ROGELIO AROLDO CABRERA and all )
others similarly situated under 29 U.S.C. )
216(b), )
              )
    Plaintiff, )
 vs. )
              )
CMG DEVELOPMENT LLC, )
CARLOS M GONZALEZ, )
ALEX GRANADOS, )
              )
    Defendants. )
_____ )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

 Plaintiff, by and through the undersigned counsel, serves his first request for admissions to each Defendant, and requests the Defendants to admit or deny the truth of the following pursuant to the Federal Rules of Civil Procedure.

 The term "Defendant" herein shall include "Defendants", and the term "Plaintiff" herein shall include "Plaintiffs". The term "Plaintiff" and "Plaintiffs" herein shall include ROGELIO AROLDO CABRERA.  The term "Defendant," "Defendants," and "you" herein shall include, CMG DEVELOPMENT LLC, CARLOS M GONZALEZ, and ALEX GRANADOS.

1. Admit that Plaintiff worked the average hours per week alleged in the Complaint with you during their entire employment period with you as stated in the complaint.

2. Admit that you paid Plaintiff the average hourly rates alleged in the Complaint since Plaintiff began employment with you until their termination from employment as stated in the complaint.

3. Admit that you never paid Plaintiff overtime wages during Plaintiff's entire employment period with you for the time period as stated in the complaint. If denied, please explain.

4. Admit that you do not pay overtime wages to some, if not all, of your employees and that such has been a business practice of yours since at least 2004. If denied, please explain.

5. Admit that you intentionally never paid Plaintiff overtime wages during Plaintiff's entire employment period with you as stated in the complaint. If denied, please explain.

6. Admit that, at times, you paid Plaintiff in cash to compensate him for some of his wages and that you never reported these payments to the Internal Revenue Service.

7. Admit that you documented the Plaintiff to have worked far fewer hours that in reality the Plaintiff worked for you.

8. Admit that you maintain no written time sheets or punch cards for the hours that Plaintiff worked for you at all.

9. Admit that the Fair Labor Standards Act applies in this matter.

10. Admit that the Fair Labor Standards Act applies to the Plaintiff's work while he worked for you.

11. Admit the corporate Defendant grossed $500,000 or more in 2012, 2013, 2014, 2015, and 2016.  If denied for any Defendant(s) or year(s) specify which year(s) and Defendant(s).

12. Admit each Defendant for whom the Plaintiff worked during the relevant period was involved in interstate commerce which involved states or countries outside the state of Florida in 2012, 2013, 2014, 2015, and 2016.  If denied for any year(s) specify which year(s).

13. Admit that at least (2) of Defendants' employees on a regular and recurrent basis, during 2012, 2013, 2014, 2015, and 2016, handled or otherwise worked with materials, goods, or products that were manufactured outside the State of Florida.  If denied for any year(s) specify which year(s).

Wherefore, Plaintiff serves his First Request for Admissions on Defendants pursuant to the Federal Rules of Civil Procedure.

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        305-865-6766
        305-865-7167

        By:_s/ Rivkah F. Jaff, Esq. ___
          Rivkah F. Jaff, Esquire
          Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 10/31/16 TO:**

**ROBERT P. FRANKEL, ESQ.**
**ROBERT P. FRANKEL & ASSOCIATES P.A.**
**25 W. FLAGLER STREET, SUITE 900**
**MIAMI, FL 33130**
**305-358-5690**
**FAX: 305-358-2306**
**EMAIL: ROBERTFRANKEL@BELLSOUTH.NET**

**BY:__/s/____Rivkah F. Jaff_____**
**RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20581-CIV-FAM

ROGELIO AROLDO CABRERA and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
          Plaintiff, )
vs. )
 )
CMG DEVELOPMENT LLC, )
CARLOS M GONZALEZ, )
ALEX GRANADOS, )
 )
          Defendants. )
_____ )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

    Comes now Plaintiff, by and through undersigned counsel, and serves his first request for production to each Defendant and request that Defendants produce the following within the time prescribed by the Federal Rules of Civil Procedure as follows (the term "Defendant" herein includes "Defendants").

    The term "Defendant" herein shall include "Defendants", and the term "Plaintiff" herein shall include "Plaintiffs". The term "Plaintiff" and "Plaintiffs" herein shall include ROGELIO AROLDO CABRERA.  The term "Defendant," "Defendants," and "you" herein shall include, CMG DEVELOPMENT LLC, CARLOS M GONZALEZ, and ALEX GRANADOS.

1. A copy of the <u>Individual Defendants'</u> federal tax returns for the year 2012, 2013, 2014, 2015, and 2016 including quarterly reports (filed with both the IRS and state of Florida).

2. A copy of the <u>Corporate Defendant's</u> federal tax returns for the year 2012, 2013, 2014, 2015, and 2016, including quarterly reports (filed with both the IRS and state of Florida).

3. A copy of all documents used by Defendants' or their accountant to prepare the Defendants' federal tax returns for the years 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants' Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, and 2016.

4. A copy of all documents in the possession, custody or control of all the Defendants' accountant(s) used or to be used to prepare the Defendants' federal tax returns for the

    years 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida). This request includes, but is not limited to, a copy of Defendants Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, and 2016.

5. All "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue by Defendants for the years 2012, 2013, 2014, 2015, and 2016.

6. All of the individual Defendants' and Corporate Defendants' bank records, including without limitation bank statements, cancelled checks, etc., from any and all banks the Defendants have/had accounts with for the years 2012, 2013, 2014, 2015, and 2016.

7. A copy of all contracts between Defendants and their clients from the years 2012, 2013, 2014, 2015, and 2016.

8. A copy of all documents of whatever kind that reflect the amount of money paid to (<u>or owed to</u>) Defendants by their clients for the years 2012, 2013, 2014, 2015, and 2016. This request includes any documents with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

9. A copy of all receipts of whatever kind that reflect the amount of money paid to (<u>or owed to</u>) Defendants by their clients for the years 2012, 2013, 2014, 2015, and 2016. This request also includes any receipts with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

10. All receipts for all payments made to Plaintiff by Defendants during Plaintiff's entire employment term with Defendants. Include all pay stubs from all paychecks.

11. All contracts/documents of employment relating to Plaintiff's employment with Defendants.

12. All time sheets/punch cards/work orders/time cards for all weeks worked by Plaintiff for Defendants beginning with Plaintiff's commencement of employment with Defendants and ending at the time of Plaintiff's employment dismissal. Include all documents pertaining to hours worked by Plaintiff for Defendants.

13. All documents, records, electronic data that pertain and relate to Plaintiff's employment hiring and or employment dismissal with Defendants.

14. A list of all employees with names, phone numbers and addresses that Defendants has employed during Plaintiff's entire period of employment with Defendants.

15. All employee income-reporting documents submitted by the Defendants to the Internal

    Revenue Service regarding the Plaintiff for the period that the Plaintiff worked for the Defendant as stated in the complaint.

16. Any and all documents identified in Defendant's responses to Plaintiff's First Set of Interrogatories filed simultaneously herewith.

17. Any and all corporate books and records of Defendant CORPORATION and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendants.

18. Any and all wage claims and/or wage-hour complaints filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes.

19. Any and all settlement agreements, investigative reports, court orders, correspondence or other documents related to the disposition of any and all wage claims and/or wage-hour complaints filed against the Defendants by any of its current or former employees.

20. Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices, and procedures related to its payment of overtime and minimum wages compensation during the relevant time period.

21. Any and all documents, which depict, embody or otherwise reflect the Defendants' policies, practices and procedures related to its grant of vacation time and/or the payment of accrued but unused vacation pay to employees during the relevant time period.

22. Any and all time cards, time and attendance sheets and other documents which indicate or reflect the hours worked by Plaintiff during the course of his employment by the Defendants.

23. All paychecks, W-2 statements, 1099 statements and other payroll documents, which reflect the wages, paid to Plaintiff by the Defendants during the relevant time period.

24. Any and all documents submitted by the Defendant to the United States Department of Labor or the … United States Department of Labor or the … Florida Department of Labor (Fair Labor Standards Division) regarding either agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period.

25. Any and all documents received from the FLORIDA Department of Labor, Fair Labor Standards Division, regarding that agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period.

26. Any and all documents received from the United States Department of Labor, Wage-Hour Division, regarding that agency's investigation and/or audit of the Defendant's wage-hour practices during the relevant time period.

27. Any and all employee handbooks, personnel policies or other documents, which, embody or otherwise reflect the Defendant's employment policies, practices and procedures in effect at any time since January 1, 2002, including any amendments or modifications thereto.

28. The complete personnel file of Plaintiff and any and all other documents related to his employment by the Defendants.

29. The complete personnel file of each and every person who held a supervisory position at the Defendants' facility during the relevant time period.

30. Any and all time cards, time and attendance sheets and other documents, which indicate or reflect the hours worked by supervisors other than the Plaintiff employed at the Defendants' facility during the relevant time period.

31. All paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors other than the Plaintiff who worked at the Defendants' facility during the relevant time period.

32. The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with the Federal or State Department of Labor alleging wage-hour violations on the part of the Defendants.

33. The complete personnel files of each and every employee who, during the relevant time period, filed a complaint with any court of competent jurisdiction alleging wage-hour violations on the part of the Defendant.

34. The complete personnel files of each and every employee terminated by the Defendant at the subject facility during the relevant time period.

35. Any and all job descriptions, specifications or other documents which describe or otherwise relate to the functions performed by Plaintiff during the course of his employment by the Defendant.

36. Any and all documents on which Defendant intends to rely at trial to support its affirmative defense set forth in its Answer to this complaint.

37. Any and all written statements of actual or potential witnesses taken by or on behalf of the Defendants in this action.

38. All documents and/or electronic data which refer or relate to Plaintiff's employment with Defendants, including but not limited to, personnel documents, job descriptions, documents describing job duties and responsibilities, fringe benefits, records of wages, and changes in rate of pay.

39. All letters, emails, or correspondence between you and any other person, agency, corporation, and the like, including persons employed by Defendants, referring or relating to any of the allegations set forth in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses.

40. All documents and/or electronic data, telephone records, text message records referring or relating to any of the allegations set forth in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses.

41. All tapes, including videotapes or recordings, of oral conversations, or verbal notes regarding same, which refer or relate to the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses, including but not limited to, events recited in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses, discussions with potential witnesses, and names and locations of potential witnesses.

42. Any written request made to persons to testify in this action at trial or deposition, or to provide an affidavit or statement in this action, and any written responses to such requests.

43. Any and all documents and/or electronic data which Defendants intend to rely on at trial.

44. Any and all documents and/or electronic data, receipt, computer print-outs, referring or relating to any of the allegations set forth in the Complaint and/or Statement of Claim and/or Answer and Affirmative Defenses.

45. Any and all documents and/or electronic data which demonstrate Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

46. All documents and/or electronic data that identify each workday (including the month, date, and year) during Plaintiff's employment with Defendants, in which Plaintiff did not perform work duties for Defendants for any part of the work day (including, but not limited to, for vacations, personal appointments, personal errands, physical fitness, religious observance, family activities).

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766

       305-865-7167

       By:_s/ Rivkah F. Jaff, Esq. ___
        Rivkah F. Jaff, Esquire
        Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 10/31/16 TO:**

**ROBERT P. FRANKEL, ESQ.**
**ROBERT P. FRANKEL & ASSOCIATES P.A.**
**25 W. FLAGLER STREET, SUITE 900**
**MIAMI, FL 33130**
**305-358-5690**
**FAX: 305-358-2306**
**EMAIL: ROBERTFRANKEL@BELLSOUTH.NET**

 **BY:__/s/____Rivkah F. Jaff_____**
   **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20581-CIV-FAM

ROGELIO AROLDO CABRERA and all )
others similarly situated under 29 U.S.C. )
216(b), )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　Plaintiff, )
　　vs. )
　　　　　　　　　　　　　　　　　　 )
CMG DEVELOPMENT LLC, )
CARLOS M GONZALEZ, )
ALEX GRANADOS, )
　　　　　　　　　　　　　　　　　　 )
　　　　　　　Defendants. )
_____ )

## PLAINTIFF'S NOTICE OF SERVING INTERROGATORIES

　　The Plaintiff hereby files his Notice of Service of Interrogatories propounded to each Defendant, to be responded to pursuant to all time limits imposed by the same when submitting answers to the following questions.

　　The term "Defendant" herein shall include "Defendants", and the term "Plaintiff" herein shall include "Plaintiffs". The term "Plaintiff" and "Plaintiffs" herein shall include ROGELIO AROLDO CABRERA. The term "Defendant," "Defendants," and "you" herein shall include, CMG DEVELOPMENT LLC, CARLOS M GONZALEZ, and ALEX GRANADOS.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　J. H. ZIDELL, P.A.
　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF
　　　　　　　　　　　　　　　　　　　　300-71ST STREET, SUITE 605
　　　　　　　　　　　　　　　　　　　　MIAMI BEACH, FLORIDA 33141
　　　　　　　　　　　　　　　　　　　　305-865-6766
　　　　　　　　　　　　　　　　　　　　305-865-7167

　　　　　　　　　　　　　　　　　　　　By:_s/ Rivkah F. Jaff, Esq. ___
　　　　　　　　　　　　　　　　　　　　　　Rivkah F. Jaff, Esquire
　　　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA EMAIL ON 10/31/16 TO:**

**ROBERT P. FRANKEL, ESQ.**
**ROBERT P. FRANKEL & ASSOCIATES P.A.**
**25 W. FLAGLER STREET, SUITE 900**
**MIAMI, FL 33130**
**305-358-5690**
**FAX: 305-358-2306**
**EMAIL: ROBERTFRANKEL@BELLSOUTH.NET**

 **BY:__/s/____Rivkah F. Jaff_____**
          **RIVKAH F. JAFF, ESQ.**

## **INTERROGATORIES**

1. Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories and the employment relationship that the same has with the Defendants.

2. Please state what each Plaintiff's wages were during their entire employment period with you. Include what their hourly wage was, what their overtime wages was (if any), any and all bonuses that they received during their entire employment period with you.

Case 1:16-cv-20581-FAM   Document 35-1   Entered on FLSD Docket 01/12/2018   Page 13 of 17

3. Please list all witnesses' names, addresses, and social security numbers, who have any knowledge of the Hours that the Plaintiff worked for you and/or the wages that the Plaintiff received for her/his/their work while employed by you.

4. Please state the name, address, and phone number of the Defendants' accountant(s) for the time period stated in the complaint as well as the name of the individual in charge of the Defendants' pay roll.

5. Please state with specificity each Exemption or Credit (in relation to the overtime wage laws pursuant to the FLSA) you are claiming as alleged in your Affirmative Defenses, and the factual basis for each alleged Exemption.

6. Please state the name, address, contact person and telephone number of all of Defendant's suppliers in 2012, 2013, 2014, 2015, and 2016, used by Defendants and/or their employees (including Plaintiff). In your answer describe what was supplied.

7. Please state the name, address, date of birth, social security numbers, and telephone number of all of Defendant's employees and/or independent contractors and/or laborers, that had/have the same and/or similar job title and/or duties as Plaintiff, from the years 2012, 2013, 2014, 2015, and 2016.

8. Please state the name, last known address, social security number, date of birth, and last known telephone number(s) of all of Defendant's employees, that worked at the same location Plaintiff worked at during the relevant time period.

9. Identify each workday (by stating the month, date, and year) during Plaintiff's employment with a Defendant, in which Plaintiff did not perform work duties for Defendants for any part of the work day (including, but not limited to, for vacations, personal appointments, personal errands, physical fitness, religious observance, family activities) identify all documents that support, tend to support, refute, or tend to refute your response.

NOTARY ATTESTATION

I, _____, AN EMPLOYEE OF DEFENDANT AND WITH PERSONAL KNOWLEDGE OF ALL THE FACTS LISTED TO ALL OF THE INTERROGATORIES DO HEREBY AFFIRM THAT THE ANSWERS TO ALL SAID INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

_____
(INDICATE NAME AND EMPLOYEE STATUS WITH DEFENDANT)

State of_____)

County of_____)

The foregoing instrument was acknowledged before me on this _____ day of _____, 20___, by _____, who is personally known to me or has produced _____ as a valid form of identification for these purposes.
(Please indicate)

_____
Notary public--sign

_____
Notary public--print

_____
Commission number and expiration date of same