UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20581-cv-FAM

ROGELIO AROLDO CABRERA,

    Plaintiff,
v.

CMG DEVELOPMENT, LLC,
CARLOS M. GONZALEZ, and
ALEX GRANADOS,

    Defendants.
_____/

## DEFENDANT ALEX GRANADOS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Alex Granados ("Granados") for his answer and affirmative defenses to Plaintiff, Rogelio Aroldo Cabrera's ("Cabrera") Complaint under 29 U.S.C. 201, *et seq*. ("Fair Labor Standards Act" or "FLSA") for Overtime Wage Violations, states as follows:

1. Defendant Granados admits that Paragraph 1 purports to allege to be a claim under the Fair Labor Standards Act, 29 U.S.C. § 201-216, but denies any inference of wrongdoing on his part or that he is liable to Plaintiff for any relief sought or liability therefrom.

2. Defendant Granados lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis, denies the allegations contained therein and demands strict proof thereof.

3. Defendant Granados lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis, denies the allegations contained therein and demands strict proof thereof.

4. Defendant Granados admits that Carlos M. Gonzalez is the owner of CMG Development, LLC, but denies the remaining allegations in paragraph 4 of the complaint.

5. Defendant Granados denies paragraph 5 and demands strict proof thereof.

6. Defendant Granados lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis, denies the allegations contained therein and demands strict proof thereof.

### Count I. Federal Overtime Wage Violation

7. Defendant Granados admits that this action purports to arise under the Fair Labor Standards Act under the laws of the Unites States, but lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and denies the allegations contained therein and demands strict proof thereof.

8. Defendant Granados admits that federal courts have jurisdiction over claims brought pursuant to the FLSA, but denies that all jurisdictional requisites for maintaining this FLSA claim are met under the facts alleged in the complaint and demands strict proof thereof.

9. Paragraph 9 is a direct citation to the statutory language of 29 U.S.C. 207 and requires no response. To the extent as response is required, Defendant denies the allegations in this paragraph and demands strict proof thereof.

10. Defendant Granados denies the allegations contained in paragraph 10 and demand strict proof thereof.

11. Defendant Granados states that Paragraph 11 contains legal conclusions to which no response is required. Further, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and denies the allegations contained therein and demands strict proof thereof.

12. Defendant Granados states that Paragraph 12 contains legal conclusions to which no response is required. Further, Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and denies the allegations contained therein and demands strict proof thereof.

13. Defendant Granados lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies the allegations contained therein and demands strict proof thereof.

14. Defendant Granados lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the allegations contained therein and demands strict proof thereof.

15. Defendant Granados denies paragraph 15 and demands strict proof thereof.

16. Defendant Granados denies paragraph 16 and demands strict proof thereof.

17. All other allegations not specifically admitted by Defendant Granados are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has not alleged any facts describing the circumstances of employment which makes him a covered employee, and has therefore failed to state a claim for violation of the FLSA. To state a claim, "a plaintiff must allege facts demonstrating that he or she is a covered employee in a non-exempt position." *See* Maya v. Master Rest. Developer, LLC, 2011 WL 1336468 (S.D. Fla. March 24, 2011).

### Second Affirmative Defense

Plaintiff does not state a claim for recovery of unpaid overtime wages against Defendant Granados because Defendant Granados was not Plaintiff's 'employer' pursuant to the pertinent

provisions of the FLSA. Granados does not presently, and did not, employ Plaintiff during the relevant period or at any other time.

### Third Affirmative Defense

Plaintiff does not state a claim for recovery of unpaid overtime wages because Defendant Granados was not engaged in an 'enterprise' affecting interstate commerce, and did not otherwise conduct any business or perform work affecting interstate commerce pursuant to pertinent provisions of the FLSA. Granados, who was formerly employed by co-defendant CMG Development, LLC, performed work locally throughout the period of his employment with CMG Development, LLC.

### Fourth Affirmative Defense

Plaintiff is estopped from claiming unpaid overtime wages on account of misrepresenting the number of hours he allegedly worked.

### Fifth Affirmative Defense

To the extent any claim arises outside the statute of limitations, Plaintiff is barred by the limitations period of two years. See 29 U.S.C. §255(a).

### Sixth Affirmative Defense

Defendant asserts that Plaintiff's claim is barred by payment in that Plaintiff has received all compensation to which he is entitled under the FLSA.

### Seventh Affirmative Defense

Defendant asserts that Plaintiff(s) are not similarly situated to any other person or persons alleged to also be plaintiff for purposes of the FLSA.

### Eighth Affirmative Defense

Any alleged violations of the FLSA were caused by third parties and/or non-parties or other defendants.

### Ninth Affirmative Defense

Plaintiff is barred in whole or in part from claiming overtime wages when such wages must be offset by any compensation he received from third parties and/or non-parties unrelated to Defendant Granados.

### Tenth Affirmative Defense

The Complaint fails to satisfy one or more conditions precedent to instituting a lawsuit under the FLSA, including, but not necessarily limited to, the failure to provide written consent to become a party plaintiff in this action pursuant to 29 U.S.C. §216(b).

### Eleventh Affirmative Defense

Defendant Granados denies any liability under or within the meaning of the FLSA as regards to overtime compensation.  Any of Defendant's acts or omissions that give rise to the level of liability, should be barred or reduced because any acts or omissions were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.  Accordingly, having acted in accordance with reasonable commercial and construction standards and any applicable statutory requirements, Plaintiff should be precluded from any recovery against Defendant Granados.

### RESERVATION

To the extent that additional affirmative defenses are discovered during the course of the litigation, Defendant Granados reserves the right to assert additional affirmative defenses as discovery in this matter proceeds.

## DEMAND FOR JURY TRIAL

Defendant, Granados demands trial by jury of all issues so triable as a matter of law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Alex Granados requests that the Complaint be dismissed with prejudice and that judgment be entered in its favor, together with attorney's fees and costs and as such other and further relief as the Court deems just and proper.

        ROIG LAWYERS
        44 W. Flagler Street, Suite 2100
        Miami, FL 33130
        Tel: (305) 405-0997
        Pleadings@RoigLawyers.com

        BY: /s/NELSON C. BELLIDO
            NELSON C. BELLIDO
            Florida Bar No. 974048
            JAMES P. GUEITS
            Florida Bar No. 935271

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2018, the undersigned filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve the document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

        By: /s/ Nelson C. Bellido
            Nelson C. Bellido