5701

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ROGELIO AROLDO CABRERA,
and all others similarly situated
under 29 U.S.C. 216(b),

CASE NO: 16-CV-20581-FAM

Plaintiff,

v.

CMG DEVELOPMENT, LLC,
CARLOS M. GONZALEZ,
ALEX GRANADOS,

Defendants.

_____/

## DEFENDANTS, CMG DEVELOPMENT, LLC AND CARLOS M. GONZALEZ'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION AND FOR SANCTIONS

Defendants, CMG Development, LLC and Carlos M. Gonzalez (together, the "Defendants"), pursuant to Fed.R.Civ.P. 26 and 34, hereby serve their response in opposition to the Plaintiff's Motion to Compel Better Responses to Plaintiff's First Request for Production and for Sanctions that was filed by Plaintiff, Rogelio Aroldo Cabrera ("Plaintiff") on January 12, 2018 (the "Motion") (Dkt. No. 35).[1]  As grounds to deny the Motion, Defendants state:

### I.  INTRODUCTION

Defendants met their discovery burden by timely responding to Plaintiff's First Request for Production of Documents (the "Requests") and producing any and all documents within their custody, possession or control that are responsive to said Requests.

_____

[1] Reference to "(Dkt. No. ___)" shall be to this Court's online docket in Cabrera v. CMG Development, LLC, et al., Case No. 16-20581-CIV-FAM (S.D. Fla.).

Law Offices of Robert P. Frankel, P.A.
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

1

Plaintiff's Motion is yet another attempt to harass the Defendants. Indeed, the Motion misstates the facts and the issues of this case. It is Plaintiff who has been less than forthcoming with information regarding the allegations of this case. In fact, Defendants have tried on numerous occasions to acquire the name of the alleged construction project(s) that Plaintiff allegedly worked on during his alleged employ with the Defendants, as the Defendants have never heard of Plaintiff and deny that he was ever an employee of CMG Development, LLC and/or Carlos Gonzalez. Plaintiff, through his counsel, has totally refused to provide the name(s) of the construction projects, either in initial Rule 26 disclosures or through informal conferral sessions regarding discovery. Defendants served Plaintiff with discovery that would (hopefully) uncover the mystery behind Plaintiff's employment with the Defendants, but those responses are not due until January 23, 2018.

Defendants raise this discovery issue because Plaintiff's Motion essentially requests Defendants to admit that two or more employees of the Defendants were engaged in "interstate commerce" during Plaintiff's alleged employment with the Defendants, a requirement of his claim under the Fair Labor Standards Act, 29 USC §§ 201-216 (the "FLSA"). While Defendants certainly understand that the interstate commerce prong is quite broad, it is not simply going to stipulate that this requirement was met when the Defendants (still) do not know who this Plaintiff is, what construction projects he allegedly worked on, the location of the construction projects and the time he allegedly worked on these construction project. That said, the Defendants remain hopeful that adequate discovery responses will be provided by Plaintiff so that they can be apprised of the alleged construction project(s) that Plaintiff allegedly worked on in order to better address the issue of interstate commerce, and decide whether that fact regarding the interstate commerce requirement can be stipulated to.

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

2

As to the remaining issues, Defendants responses to Requests Nos. 2-9, 17, 18, 27, 31 and 45 were sufficient and their objections well-founded.  The Motion argues at length about Defendants' failure to produce income tax returns for the alleged, relevant years in question, and how that failure is preventing Plaintiff from satisfying the "enterprise" requirement of his FLSA, which requires the Defendants to gross over $500,000 per year.  The Defendants, however, have stipulated that CMG Development, LLC did, in fact, gross more than $500,000 per year and, thus the issue is moot and unnecessary to seek discovery on.  Of course, this did not stop Plaintiff from filing the Motion and stating exactly the opposite – that Defendants contest the enterprise/$500,0000 requirement and therefore the discovery is necessary.

Based on the foregoing, and as will be further detailed below, the Motion should be denied in its entirety.

## II. BACKGROUND

### A.     The Requests

On October 31, 2016, Plaintiff served the Requests on Defendants.[2]  The more pertinent requests for documents were as follows:

- Request No. 2 asked for copies "of the Corporate Defendant's federal tax returns for the year 2012, 2013, 2014, 2015 and 2016, including quarterly reports (filed with both the IRS and the state of Florida."

- Request No. 3 asked for copies of "all documents used by Defendants' or their accountant to prepare the Defendants' federal tax returns for the years 2012, 2013, 2014, 2015 and 2016, including, but not limited to, quarterly reports for those

---

[2] A copy of the Requests are attached to the Motion as Exhibit A.  In addition to the Defendants, Plaintiff served the same discovery on co-defendant, Alex Granados, all in the same document that was served on the Defendants.

Law Offices of Robert P. Frankel, P.A.
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

3

years (filed with both the IRS and state of Florida)." This request included, but not was not limited to, "a copy of Defendants' Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, 2016."

- Request No. 4 asked for copies of "all documents in the possession, custody or control of all the Defendants' accountant(s) used or to be used to prepare the Defendants' federal tax returns for the years 2012, 2013, 2014, 2015, and 2016, including, but not limited to, quarterly reports for those years (filed with both the IRS and state of Florida)." Like Request No. 3, this request included, but was not limited to, copies of "Defendants Form UCT-6, Form 941 Employer's Quarterly Federal Tax Returns, Form 940, and RT6 Quarterly Reports, for the years 2012, 2013, 2014, 2015, and 2016."

- Request No. 5 asked for copies of "[a]ll 'Florida Sales and Use Tax Returns' and monthly DR-15ez filed with the Florida Department of Revenue by Defendants for the years 2012, 2013, 2014, 2015, and 2016."

- Request No. 6 asked for copies of "[a]ll of the individual Defendants' and Corporate Defendants' bank records, including without limitation bank statements, cancelled checks, etc., from any and all banks the Defendants have/had accounts with for the years 2012, 2013, 2014, 2015, and 2016."

- Request No. 7 asked for copies of "all contracts between Defendants and their clients from the years 2012, 2013, 2014, 2015, and 2016."

- Request No. 8 asked for copies of "all documents of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years

Law Offices of Robert P. Frankel, P.A.
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

4

2012, 2013, 2014, 2015, and 2016. This request includes any documents with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof."

- Similar to Request No. 8, Request No. 9 asked for copies of "all receipts of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2012, 2013, 2014, 2015, and 2016. This request also includes any receipts with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof."

- Request No. 17 asked for "[a]ny and all corporate books and records of Defendant CORPORATION and any and all Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings made by or on behalf of said Defendants."

- Request No. 18 asked for "[a]ny and all wage claims and/or wage-hour complaints filed by any of Defendants' former or current employees for alleged violations of the federal and/or state wage-hour statutes."

- Request No. 27 asked for "[a]ny and all employee handbooks, personnel policies or other documents, which, embody or otherwise reflect the Defendant's employment policies, practices and procedures in effect at any time since January 1, 2002, including any amendments or modifications thereto."

- Request No. 31 asked for "[a]ll paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors other than the Plaintiff who worked at the Defendants' facility during the relevant time period."

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

5

- Finally, Request No. 45 asked for "[a]ny and all documents and/or electronic data which demonstrate Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA."[3]

The Requests did not define the terms "quarterly reports," "Corporate Defendant," or "Defendant CORPORATION" despite using them throughout the Requests.[4]  It should be noted that CMD Development, LLC is a Florida limited liability company, not a corporation.

**B.  Defendants' Responses To The Requests**

Defendants served their response to the Requests on November 30, 2016 and produced any and all responsive documents within their possession, custody or control on December 2, 2016.[5]  See Ex. 1.  These documents included an employment application and a vacation request form, which were responsive to Requests Nos. 21 and 27, respectively.

The responses to the Requests delineated above were as follows:

- In response to Request No. 2, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that:  (i) it is vague and ambiguous, including with respect to the term "quarterly reports"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks confidential, proprietary business documents that belong to CMG Development LLC; and (v) it is disproportionate to the needs of discovery in this case.  Without waiving, and subject to, these objections and the General Objections,

---

[3] (See Pl.'s Mot. at Ex. A.)

[4] (See generally id.)

[5] A copy of the email correspondence to counsel for Plaintiff with responsive documents is attached as Exhibit 1.

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

6

DEFENDANTS respond to this Request as follows:  <u>CMG Development LLC, a Florida limited liability company, is under not required to submit quarterly statements with the IRS.   Further, the DEFENDANTS stipulate that CMG Development LLC met (or will meet) the threshold of $500,000 or more in gross business revenue for the years 2013 through 2016 required under the Fair Labor Standards Act.   Accordingly, the DEFENDANTS financial records are not relevant and/or subject to discovery at this juncture, as the Plaintiff, a purported employee of DEFENDANTS between the years 2013-2016, has not recovered a monetary judgment against either of the DEFENDANTS.</u>"

- In response to Request No. 3, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that:  (i) it is vague and ambiguous, including with respect to the term "quarterly reports"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks confidential, proprietary business documents that belong to CMG Development LLC; (v) it seeks documents protected from disclosure by the accountant-client privilege, the attorney-client privilege, applicable regulatory privilege or any other privilege or immunity; and (vi) <u>it is disproportionate to the needs of discovery</u>[6] in this case.  Without waiving, and subject to, these objections and the General Objections, DEFENDANTS respond to this Request as follows:

---

[6] Plaintiff's Motion incorrectly states that Defendants' objection to this Request stated that the discovery was "proportionate to the needs of discovery in this case."  (<u>See</u> Mot. at p. 11.)

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

7

<u>DEFENDANTS would refer Plaintiff to their Response to Request for Production No. 2, supra.</u>"

- In response to Request No. 4, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "quarterly reports"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks confidential, proprietary business documents that belong to CMG Development LLC; (v) it seeks documents protected from disclosure by the accountant-client privilege, the attorney-client privilege, applicable regulatory privilege or any other privilege or immunity; (vi) it is disproportionate to the needs of discovery in this case; and (vii) <u>it is duplicative of Request for Production No. 3.</u>"

- In response to Request No. 5, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that: (vi) it is overbroad, unduly burdensome and harassing; (ii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it seeks confidential and private documents; and (iv) <u>it is disproportionate to the needs of discovery in this case.</u>"

- In response to Request No. 6, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "Corporate Defendants'"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

8

(iv) it seeks confidential and private documents; (v) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (vi) it is disproportionate to the needs of discovery in this case."

- In response to Request No. 7, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that:  (i) it is vague and ambiguous, including with respect to the term "clients"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it seeks it seeks confidential, proprietary business documents that belong to DEFENDANTS; (v) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (vi) it is disproportionate to the needs of discovery in this case."

- In response to Request No. 8, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that:  (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (iv) it is disproportionate to the needs of discovery in this case. Without waiving, and subject to, these objections and the General Objections, DEFENDANTS respond to this Request as follows:  DEFENDANTS would refer Plaintiff to their Response to Request for Production No. 2, supra."

- In response to Request No. 9, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that:  (i) it is overbroad, unduly

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

burdensome and harassing; (ii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; (iv) it is disproportionate to the needs of discovery in this case; and (v) <u>it is duplicative of Request for Production No. 8</u>."

- In response to Request No. 17, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that:  (i) it is vague and ambiguous, including with respect to the term "CORPORATION"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; (v) it is disproportionate to the needs of discovery in this action; (vi) it seeks confidential, proprietary business documents that belong to DEFENDANTS; and (vii) it seeks documents that are equally available to Plaintiff by accessing the Florida Department of State's website, www.sunbiz.org. Without waiving, and subject to, these objections and General Objections, DEFENDANTS respond to this Request as follows:  The Articles of Incorporation, annual report forms and related documents of CMG Development LLC can be located and reviewed on the Florida Department of State's website, www.sunbiz.org."

- In response to Request No. 18, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that: (vii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

10

evidence in this action; (ii) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (iii) it seeks documents that are equally available to Plaintiff. Without waiving, and subject to, these objections and General Objections, DEFENDANTS respond to this Request as follows: Although the following are <u>not</u> cases filed by any former or current employees of the DEFENDANTS, below is a list of cases in which the plaintiff is alleging violations of the Fair Labor Standards Act against DEFENDANTS: 1. <u>Sosa v. CMG Development, LLC</u>, Miami-Dade County Circuit Court Case No. 2015 0121329 CA (01). 2. Urbina v. CMG Development, LLC, et al., Southern District of Florida Case No. 16-CV-60476. The complaints in the aforementioned cases can be accessed through the Clerk's online docket in the jurisdiction in which these cases were filed."

- In response to Request No. 27, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the terms "employment policies"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action. Without waiving, and subject to, these objections and General Objections, DEFENDANTS respond to this Request as follows: DEFENDANTS will produce documents within its possession, custody and control that are responsive to this Request, and that can be located after diligent search and reasonable inquiry."

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

11

- In response to Request No. 31, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others, that: (i) it is vague and ambiguous, including with respect to the term "facility"; (ii) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iii) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (iv) it is argumentative insofar as it assumes that Plaintiff was ever employed by either one of the DEFENDANTS."

- In response to Request No. 45, Defendants stated, "DEFENDANTS object to this Request on the grounds, among others that: (i) it calls for legal conclusion; (ii) it is argumentative insofar as it assumes that DEFENDANTS were not in compliance with the Fair Labor Standards Act; and (iii) discovery is ongoing. Without waiving, and subject to these objections and the General Objections, the DEFENDANTS respond to this Request as follows: Plaintiff did not work for either one of the DEFENDANTS at any time."

## C.    Defendants' Answer To The Complaint

Defendants answered the Complaint on January 5, 2018, after this case was reopened following an appeal of the Court's order of dismissal for lack of service. (Dkt. No. 31.)

By his Complaint, Plaintiff generally alleges that he worked for either CMG Development, LLC, Carlos M. Gonzalez or Alex Granados "as a construction worker from on or about June 22, 2013 through on or about February 1, 2016." (Dkt. No. 1 at ¶ 10.) Despite not providing the name(s) of the construction project(s) on which Plaintiff allegedly worked as a construction from June 22, 2013 to February 1, 2016, the Complaint broadly alleges that "both the Defendant's [sic] business and the Plaintiff's work for the Defendants affected interstate

Law Offices of Robert P. Frankel, P.A.
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

12

commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same." (Id. at ¶ 11.) This allegation pertains to the "interstate commerce" requirement that Plaintiff must satisfy in order to prosecute his FLSA claim. See 29 USC §207(a)(1).

Plaintiff's further alleged "[u]pon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014 and 2015." (Id. at ¶ 13.) Furthermore, Plaintiff alleged that the "Defendant Corporation" was expected to earn more than $500,000 for the year 2016, which had not yet been concluded at the time the Complaint was filed. (Id. at ¶ 14.) These allegations pertain to the "enterprise coverage" requirement that Plaintiff must satisfy in order to prosecute his FLSA claim. See 29 USC § 203(s)(1)(A). At or around the time the Complaint was filed, Plaintiff filed a Statement of Claim which estimated that the total unpaid wages and liquidated damages were $19,040, exclusive of attorney's fees and costs. (Dkt. No. 8.)

In response to paragraph 13 of the Complaint -- the allegation regarding the enterprise coverage requirement -- Defendants stated, "[a]nswering paragraph 13 of the Complaint, the Defendants admit that CMG Development, LLC's gross annual sales for the years 2013 through 2015, inclusive, exceeded $500,000, but deny all remaining allegations contained therein." (Dkt. No. 31 at ¶ 13 (emphasis added).) The Defendants admitted that they exceeded $500,000 in gross income for the year 2016, as well. (Id. at ¶ 14.)

In answering paragraph 11 of the Complaint -- the allegation regarding the interstate commerce requirement -- Defendants stated that "this paragraph contain[ed] legal conclusions to

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

13

which no response is required.  To the extent a response is, in fact, required, Defendants deny the allegations as worded." (Id. at ¶ 11.)

**D.     The Motion**

Plaintiff's Motion seeks better responses to Requests Nos. 2-9, 17, 18, 27, 31 and 45 and any and all responsive documents to these Requests.  (See Mot. at p.2, ¶ 4.)  The Motion also requests sanctions pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).  (See Mot. at p. 21.)

The Motion disingenuously states that "Defendants are contesting both prongs of FLSA enterprise coverage/subject matter jurisdiction (i.e., interstate commerce, $500,000 monetary threshold) . . . ."  (Id. at p. 5 (emphasis added).)  As shown above, not only did Defendants stipulate to the $500,000 enterprise coverage requirement in their responses to the Requests, they also admitted as much in their answer.

The Motion should be denied in its entirety, as any and all responsive documents were produced and any Requests wherein the Defendants provided an objection without a response or production of documents were based on well-founded, legally sufficient objections.

### III.  ARGUMENT

**A.     Legal Framework**

**1.     Standard On Motion To Compel**

The scope of discovery is within the discretion of the court.  See Johnson v. Hensley, 62 F. App'x. 85, 87, 2003 WL 1795709, at * 1 (6th Cir. 2003).  "As a general statement, Rule 26(b)(1) provides in pertinent part that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Vireo Sys., Inc. v. HTG Ventures, LLC, No. 3:14-2359, 2016 WL 3362089 (M.D. Tenn. June 17, 2016) (emphasis added).

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

14

2.      **The FLSA's Enterprise Coverage And Interstate Commerce Requirements**

In order to be eligible for FLSA damages, the employee/plaintiff "must first demonstrate that he is 'covered' by the FLSA." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1299 (11th Cir. 2011).  An employee/plaintiff can obtain this through two alternative types of FLSA coverage -- individual coverage or enterprise coverage.  See id. (internal citations omitted).

A plaintiff qualifies for individual coverage "if he regularly and 'directly participates in the actual movement of persons or things in interstate commerce." Id. (citing 29 USC § 207(a)(1)). On the other hand, an employee is subject to enterprise coverage "if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce . . . .'" Id. (citing 29 USC § 207(a)(1)).

An enterprise is engaged in commerce or in the production of goods for commerce if it: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." Id. (citing 29 USC § 203(s)(1)(A)(i)-(ii)).

Here, it appears that Plaintiff is claiming FLSA application under both individual coverage and enterprise coverage. (See Dkt. No. 1 at ¶¶ 10-15.)

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

15

**B.      Defendants' Responses To Requests 2-9 Were Sufficient And Their Objections To The Production Of Any Financial Records Should Be Sustained.**

Requests Nos. 2-9 all request some form of financial records from the Defendants, including, but not limited to tax returns for the years 2012-2016, "quarterly reports" submitted to the IRS and state of Florida and bank records.

Because Defendants have stipulated to the $500,000 monetary threshold for enterprise coverage, there is no need to take discovery on this issue. Plaintiff's insistence on compelling these documents "[t]o determine whether the $500,000 threshold has been met" (see Motion at p. 6) is completely unfounded and (borderline) contumacious. Had Plaintiff spent a little time reading Defendants' responses to the Requests and its answer to the Complaint, it would have surely encountered Defendants' stipulation to this fact. These Requests have nothing to do with the interstate commerce requirement either, as bank statements or tax returns would not establish whether CMG Development, LLC was engaged in interstate commerce at the time the Plaintiff allegedly worked for the Defendants, the location of which remains unknown.

Moreover, even in cases where the defendant did not stipulate to the $500,000 threshold, the 11th Circuit has held that the request for "bank records," like Plaintiff's Request No. 6, was overbroad. See Josendis, 662 F.3d at 1310 (holding that request for bank records and other financial documents were "all overbroad" since "each request solicit[ed] a broad spectrum of documents that, at first glance, would include a great number of materials unrelated to interstate commerce or the measure of [defendant's] sales in any fiscal year").

In response to requests for "quarterly statements", which was not a defined term in the Requests, CMG Development, LLC stated that it is a Florida limited liability company that is not required to file quarterly statements with the IRS like a corporation would be required to. Thus,

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

16

Requests Nos. 2, 3, and 4 are not applicable to the Defendants in this regard (aside from the fact that they have already stipulated to the $500,000 enterprise threshold).

Lastly, discovery needs to be proportional to the needs of the case under Rule 26. Plaintiff served 46 individually-numbered requests that each requested, as demonstrated above, a bevy of documents that have little or nothing to do with establishing FLSA coverage or Plaintiff's claim, which requests $19,040 in statutory damages.  (See Dkt. No. 8.)  Not to belittle Plaintiff's claim, but the needs of this case do not call for this much discovery.  As Defendants have maintained from the beginning of this case, Plaintiff has engaged in this strategy of over-working the file in order to (artificially) drive up the attorney's fees.  The Court should not countenance this conduct, and should find that Defendants' objection on the discovery not being proportional to the needs of this case was well-founded and proper.

**C.      Defendants' Responses To Requests 17 And 18 Were Adequate.**

In Request No. 17, Plaintiff requests "any and all corporate books and records of Defendant CORPORATION and any Articles of Incorporation, Certificate of Incorporation, annual report forms and/or assumed name filings . . . ."  (Mot. at Ex. A, Request No. 17.)  In his Motion, Plaintiff states that "these documents relate to the Corporate filings and, thus, are related to individual liability."  (Mot. at p. 18.)

Notwithstanding the fact that "Defendant CORPORATION" is not a defined term, and CMG Development, LLC is not a corporation, Plaintiff has not adequately demonstrated to this Court the need for these documents.  Indeed, his explanation is rather unintelligible and it appears that he just wants to harass Defendants by requesting documents that he can just as easily access online on the Florida Department of State's website, www.sunbiz.org.  Defendants' response directs Plaintiff to access this website for any company filings.  Requiring the

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

17

Defendants to access and print this information for Plaintiff would cause an undue burden and would be disproportionate to the needs of this case. Again, this has nothing to do with FLSA coverage.

As to Request No. 18, although the Motion's introduction and Ad Damnum clause requests a better response, the Motion itself does not discuss the need for the documents requested or why they should be produced. That said, the Defendants' Response to Request No. 18 provides previous cases in which the Defendants have been sued for employment wage violations under state and federal law. The complaints in these actions are available for viewing and printing online and requiring the Defendants to retrieve them for Plaintiff would not be proportional to the needs of the case. It probably took Plaintiff's counsel more time to draft this part of the Motion than it would have to find and print the complaints themselves. Moreover, the Josendis court held that such a request for prior lawsuits was "unmoored from the issues of individual and enterprise coverage [because] it seek[ed[ information relating to potential past violations of wage-hour statutes, including violations of state laws outside the scope of the federal wage statute at issue []." Josendis, 662 F.2d at 1310 (emphasis added).

**D.      Defendants Produced Any And All Documents Responsive To Request No. 27.**

Plaintiff requests "all responsive documents" to Request No. 27, which asked for employee handbooks and company policies. (Mot. at Ex. A, Request No. 27.) Defendants stated that they would produce any and all responsive documents to this request and did exactly that on December 2, 2016, when it produced Bates-stamped documents CMG0001-02. See Ex. 1. This argument is wholly unfounded and rather reckless of the Plaintiff to make.

Law Offices of Robert P. Frankel, P.A.
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

18

### E.     Defendants' Objection To Request No. 31 Should Be Sustained.

Request No. 31 asked for "all paychecks, W-2 statements, 1099 statements and other payroll documents which reflect the wages paid to supervisors other than the Plaintiff who worked at the Defendants' facility during the relevant time period." (Mot. at Ex. A, Request No. 31.)

There are several issues with this Request. First, the request assumes that Plaintiff was a "supervisor" where he has not alleged to be such in his Complaint. He simply alleged to be a construction worker of the Defendants. (Dkt. No. 1 at ¶ 10.) Second, it is not clear what Plaintiff meant by the word facility. It could mean the construction projects at which Plaintiff allegedly worked for the Defendants, or it could be the business office of CMG Development, LLC where administrative matters are handled. Thus, Defendants' objection that the Request was vague and ambiguous, including with respect to the term "facility" is well-founded. (Mot. at Ex. B, Response to Request No. 31.) Third, this Request specifically asked for documents reflecting wages paid to persons "other than Plaintiff," rendering the Request irrelevant to the issues of this case.

Perhaps realizing the improper nature of this Request, Plaintiff's Motion now attempts to change the description of the Request by stating, "[u]ndoubtedly, monies paid to Plaintiff, which would be reflected in documents like W-2 and/or 1099 statement, is [sic] directly relevant to a wage-and-hour case such as the one at bar." This is a blatant contradiction to what was requested and a gross misstatement of the facts. The Court should reject Plaintiff's contention here.

19

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

**F.     Request No. 45 Is Argumentative In That It Assumes Violation Of The FLSA By Defendants.**

Finally, Request No. 45 asks for documents "which demonstrate Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA." (Mot. at Ex. A., Request No. 45.) There has been no adjudication that Defendants violated the FLSA to begin with, which makes this Request argumentative in that it assumes that the FLSA has, in fact, been violated. Notwithstanding their well-founded objection that the Request was argumentative, Defendants responded by stating that "Plaintiff did not work for either one of the DEFENDANTS at any time." (Mot. at Ex. B, Response to Request No. 45.) Thus, Defendants have no responsive documents to this Request since it is their position that Plaintiff never worked for them and, thus, there is no need to have a good faith belief that they complied with the FLSA.

## IV. CONCLUSION

Defendants' responses complied with the rules of discovery and any objections to the Requests were well-founded, thereby supporting a denial of the Motion and its request for sanctions. Most of the issues surrounding the interstate commerce requirement could be easily resolved had Plaintiff provided the Defendants with the names, locations and dates of the construction project(s) on which he allegedly worked for the Defendants. But he has refused to do so, and Defendants have been forced to serve discovery and wait on his responses to properly address this issue, which should be tabled until Plaintiff provides his responses. What is more, the Requests forming the subject matter of the Motion have nothing to do with interstate commerce issue anyway.

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

20

WHEREFORE, based on the foregoing, Defendants respectfully request that this Court deny the Motion in its entirety.

Respectfully submitted,

Law Offices of Robert P. Frankel, P.A.
Attorneys for Defendants
1000 South Pine Island Road, Suite 410
Plantation, Florida 33324
Robert@frankelpa.com
Kim@frankelpa.com
Lana@Frankelpa.com
(305) 358-5690; (305) 358-2306 FAX

By_____ /s/Robert P. Frankel/_____
ROBERT P. FRANKEL
Florida Bar No. 304786

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy was served upon Alex Granados, 5877 Triphammer Road, Lake Worth, Florida 33463; and J.H. Zidel, Esquire and Rivkah F. Jaff, Esquire, 300 71st Street, Suite 605, Miami Beach, Florida 33141 zabogado@aol.com and rivkah.jaff@gmail.com on this January 17, 2018.

By_____ /s/Robert P. Frankel/_____
ROBERT P. FRANKEL

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

21

## Lana Tyehimba

| | |
|---|---|
| **From:** | Lana Tyehimba |
| **Sent:** | Friday, December 02, 2016 11:41 AM |
| **To:** | zabogado@aol.com |
| **Cc:** | ralph mora; Robert P. Frankel; Kimberly Arthur |
| **Subject:** | CMG vs. Cabrera - U.S. Dist. Ct. Case #16-CV-20851-FAM |

**Attachments:** CMG00001 - CMG00002.pdf

Attached please find bate stamped documents responsive to request nos. 21 and 27.

## Please see attached.

## Lana Tyehimba
Legal Assistant to Robert P. Frankel, Esq.
Law Offices of Robert P. Frankel, P.A.
Royal Palm Office Park
1000 South Pine Island Road; Suite 410
Plantation, Florida 33324
305-358-5690; 954-607-2861
305-358-2306-FAX

NOTICE: This e-mail message and any attachment to this e-mail message contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521 and is legally privileged. The information contained in this e-mail is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this e-mail in error, please notify us immediately by return e-mail. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Robert P. Frankel & Associates, P.A.

Exhibit _7_