5701

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROGELIO AROLDO CABRERA,
and all others similarly situated                    CASE NO: 16-CV-20581-FAM
under 29 U.S.C. 216(b),

    Plaintiff,
v.

CMG DEVELOPMENT, LLC,
CARLOS M. GONZALEZ,
ALEX GRANADOS,

    Defendants.
_____/

## **DEFENDANTS, CMG DEVELOPMENT, LLC AND CARLOS M. GONZALEZ'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FOR SANCTIONS**

Defendants, CMG Development, LLC and Carlos M. Gonzalez (together, the "Defendants"), pursuant to Fed.R.Civ.P. 26 and 33, hereby serve their response in opposition to the Plaintiff's Motion to Compel Better Responses to Plaintiff's First Set of Interrogatories and for Sanctions that was filed by Plaintiff, Rogelio Aroldo Cabrera ("Plaintiff") on January 12, 2018 (the "Motion") (Dkt. No. 36).[1] As grounds to deny the Motion, Defendants state:

### **I. INTRODUCTION**

Defendants met their discovery burden by timely responding to Plaintiff's First Set of Interrogatories (the "Interrogatories"). Their objections to Interrogatories Nos. 6 and 7 should be sustained, as they are remarkably overbroad and not proportional to the needs of this case.

---

[1] Reference to "(Dkt. No. __)" shall be to this Court's online docket in <u>Cabrera v. CMG Development, LLC, et al.</u>, Case No. 16-20581-CIV-FAM (S.D. Fla.).

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

1

Plaintiff's Motion is yet another attempt to harass the Defendants. Indeed, the Motion misstates the facts and the issues of this case. It is Plaintiff who has been less than forthcoming with information regarding the allegations of this case. In fact, Defendants have tried on numerous occasions to acquire the name of the alleged construction project(s) that Plaintiff allegedly worked on during his alleged employ with the Defendants, as the Defendants have never heard of Plaintiff and deny that he was ever an employee of CMG Development, LLC and/or Carlos Gonzalez. Plaintiff, through his counsel, has totally refused to provide the name(s) of the construction projects, either in initial Rule 26 disclosures or through informal conferral sessions regarding discovery. Defendants served Plaintiff with discovery that would (hopefully) uncover the mystery behind Plaintiff's employment with the Defendants, but those responses are not due until January 23, 2018.

Defendants raise this discovery issue because Plaintiff's Motion essentially requests Defendants to admit that Plaintiff or two or more employees of the Defendants were engaged in "interstate commerce" during Plaintiff's alleged employment with the Defendants, a requirement of his claim under the Fair Labor Standards Act, 29 USC §§ 201-216 (the "FLSA"). While Defendants certainly understand that the interstate commerce prong is quite broad, it is not simply going to stipulate that this requirement was met when the Defendants (still) do not know who this Plaintiff is, what construction projects he allegedly worked on, the location of the construction projects and the time he allegedly worked on these construction project. That said, the Defendants remain hopeful that adequate discovery responses will be provided by Plaintiff so that they can be apprised of the alleged construction project(s) that Plaintiff allegedly worked on in order to better address the issue of interstate commerce, and decide whether that fact regarding the interstate commerce requirement can be stipulated to. It therefore appears that Defendants

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

2

would prefer to take a more practical approach to resolving the factual issues in this case, while Plaintiff would prefer to overwork the file by filing motion after motion, which creates unnecessary work and expense for the parties involved in this case.

Defendants responses to Interrogatory Nos. 6 and 7 were sufficient and their objections well-founded. These Interrogatories go well beyond the scope of discovery and the needs of this case.

Based on the foregoing, and as will be further detailed below, the Motion should be denied in its entirety.

## II. BACKGROUND

**A.     The Interrogatories**

On October 31, 2016, Plaintiff served the Interrogatories on Defendants.[2] The more pertinent requests for information were as follows:

- Interrogatory No. 6 said, "[p]lease state the name, address, contact person and telephone number of all of Defendant's suppliers in 2012, 2013, 2014, 2015, and 2016, used by Defendants and/or their employees (including Plaintiff). In your answer describe what was supplied."

- Interrogatory No. 7 said, "[p]lease state the name, address, date of birth, social security numbers, and telephone number of all of Defendant's employees and/or

---

[2] A copy of the Interrogatories are attached to the Motion as Exhibit A. In addition to the Defendants, Plaintiff served the same discovery on co-defendant, Alex Granados, all in the same document that was served on the Defendants, and the Motion states that responses were provided on Mr. Granados' behalf, which is not true.

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

3

independent contractors and/or laborers, that had/have the same and/or similar job title and/or duties as Plaintiff, from the years 2012, 2013, 2014, 2015, and 2016."[3]

The Requests did not define the term "suppliers."[4]

### B.  Defendants' Responses To The Interrogatories

Defendants served their responses to the Interrogatories on November 30, 2016. and produced any and all responsive documents within their possession, custody or control on December 2, 2016.[5]

The responses to the Interrogatories delineated above were as follows:

- In response to Interrogatory No. 6, Defendants stated, "DEFENDANTS object to this Interrogatory on the grounds, among others, that:  (i) it is vague and ambiguous, including with respect to the term "suppliers"; (ii) it is overbroad, unduly burdensome and harassing; (iii) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (iv) it is not limited to a time period relevant or even proximate to the events at issue in this action; and (v) it is disproportionate to the needs of discovery in this action."

- In response to Request No. 7, Defendants stated, "DEFENDANTS object to this Interrogatory on the grounds, among others, that:  (i) it is overbroad, unduly burdensome and harassing; (ii) it seeks the discovery of information in which parties or non-parties have a legitimate expectation or right of privacy and which contains personally identifying non-public information; (iii) it is compound; (iv) it

---

[3] (See Pl.'s Mot. at Ex. A.)
[4] (See generally id.)
[5] Defendants' responses to the Interrogatories are attached to Plaintiff's Motion at Exhibit B.

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

4

is argumentative insofar as it assumes that Plaintiff was ever employed by either one of the DEFENDANTS; (v) it seeks information not known to DEFENDANTS; and (vi) it is not limited to a time period relevant or even proximate to the events at issue in this action. Without waiving, and subject to, these objections and the General Objections, DEFENDANTS respond to this Interrogatory as follows: Plaintiff was not an employee of either one of the DEFENDANTS and, thus, DEFENDANTS lack knowledge concerning Plaintiff's job title or duties during the years in question."

C. **Defendants' Answer To The Complaint**

Defendants answered the Complaint on January 5, 2018, after this case was reopened following an appeal of the Court's order of dismissal for lack of service. (Dkt. No. 31.)

By his Complaint, Plaintiff generally alleges that he worked for either CMG Development, LLC, Carlos M. Gonzalez or Alex Granados "as a construction worker from on or about June 22, 2013 through on or about February 1, 2016." (Dkt. No. 1 at ¶ 10.) Despite not providing the name(s) of the construction project(s) on which Plaintiff allegedly worked as a construction from June 22, 2013 to February 1, 2016, the Complaint broadly alleges that "both the Defendant's [sic] business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same." (Id. at ¶ 11.) This allegation pertains to the "interstate commerce" requirement that Plaintiff must satisfy in order to prosecute his FLSA claim. See 29 USC §207(a)(1).

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

5

Plaintiff further alleged "[u]pon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014 and 2015." (Id. at ¶ 13.) Furthermore, Plaintiff alleged that the "Defendant Corporation" was expected to earn more than $500,000 for the year 2016, which had not yet been concluded at the time the Complaint was filed. (Id. at ¶ 14.) These allegations pertain to the "enterprise coverage" requirement that Plaintiff must satisfy in order to prosecute his FLSA claim. See 29 USC § 203(s)(1)(A). At or around the time the Complaint was filed, Plaintiff filed a Statement of Claim which estimated that the total unpaid wages and liquidated damages were $19,040, exclusive of attorney's fees and costs. (Dkt. No. 8.)

In response to paragraph 13 of the Complaint -- the allegation regarding the enterprise coverage requirement -- Defendants stated, "[a]nswering paragraph 13 of the Complaint, the Defendants admit that CMG Development, LLC's gross annual sales for the years 2013 through 2015, inclusive, exceeded $500,000, but deny all remaining allegations contained therein." (Dkt. No. 31 at ¶ 13 (emphasis added).) The Defendants admitted that they exceeded $500,000 in gross income for the year 2016, as well. (Id. at ¶ 14.)

In answering paragraph 11 of the Complaint -- the allegation regarding the interstate commerce requirement -- Defendants stated that "this paragraph contain[ed] legal conclusions to which no response is required. To the extent a response is, in fact, required, Defendants deny the allegations as worded." (Id. at ¶ 11.)

**D.     The Motion**

Plaintiff's Motion seeks better responses to Interrogatory Nos. 6 and 7. (See Mot. at p.2, ¶ 4.) The Motion also requests sanctions pursuant to Federal Rule of Civil Procedure 37(a)(4)(A). (See Mot. at p. 9.)

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

6

The Motion disingenuously states that "Defendants are contesting both prongs of FLSA enterprise coverage/subject matter jurisdiction (i.e., interstate commerce, $500,000 monetary threshold) . . . ." (Id. at p. 5 (emphasis added).)  As shown above, Defendants admitted in their answer that the $500,000 threshold was met (and stipulated to this fact in response to the previously-served First Request for Production).

As will be demonstrated below, the Motion should be denied in its entirety.

### III.  ARGUMENT

**A.    Legal Framework**

**1.    Standard On Motion To Compel**

The scope of discovery is within the discretion of the court.  See Johnson v. Hensley, 62 F. App'x. 85, 87, 2003 WL 1795709, at * 1 (6th Cir. 2003).  "As a general statement, Rule 26(b)(1) provides in pertinent part that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Vireo Sys., Inc. v. HTG Ventures, LLC, No. 3:14-2359, 2016 WL 3362089 (M.D. Tenn. June 17, 2016) (emphasis added).

**2.    The FLSA's Enterprise Coverage And Interstate Commerce Requirements**

In order to be eligible for FLSA damages, the employee/plaintiff "must first demonstrate that he is 'covered' by the FLSA."  Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1299 (11th Cir. 2011).  An employee/plaintiff can obtain this through two alternative types of FLSA coverage -- individual coverage or enterprise coverage.  See id. (internal citations omitted).

A plaintiff qualifies for individual coverage "if he regularly and 'directly participates in the actual movement of persons or things in interstate commerce."  Id. (citing 29 USC §

7

207(a)(1)). On the other hand, an employee is subject to enterprise coverage "if he is 'employed in an enterprise engaged in commerce or in the production of goods for commerce . . . .'" Id. (citing 29 USC § 207(a)(1)).

An enterprise is engaged in commerce or in the production of goods for commerce if it: "(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." Id. (citing 29 USC § 203(s)(1)(A)(i)-(ii)).

Here, it appears that Plaintiff is claiming FLSA application under both individual coverage and enterprise coverage. (See Dkt. No. 1 at ¶¶ 10-15.)

**B.     Defendants' Response To Interrogatory No. 6 Was Sufficient And Their Objections Thereto Should Be Sustained.**

Interrogatory No. 6, which requests information on the names, addresses and contact information of all suppliers used by the Defendants and their employees for the years 2012-2016, is extremely overbroad and not proportionate to the needs of this case. (Mot. at Ex. A., Interrog. No. 6.)  Indeed, this Interrogatory would call for the Defendants to provide absurd information, including the names of those who supply the drinks and toilet paper at CMG Development, LLC's office, as well as the names of anyone who has ever supplied anything to Carlos M. Gonzalez personal residence between 2012 and 2016, inclusive.  Moreover, Plaintiff alleges that he began working for the Defendants in 2013, so it is not necessary or relevant to the issues of this case to have the names of Defendants' suppliers in 2012.  If this is not an overbroad, overly burdensome Interrogatory, then certainly nothing is.

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

8

In <u>Josendis v. Wall to Wall Residence Repairs, Inc.</u>, 662 F.3d 1292 (11th Cir. 2011), the court held that construction worker/plaintiff's discovery requests which sought all documents pertaining to employer/defendant's work at the kitchen modeling projects mentioned in the complaint, vehicles owned or leased by the defendant and any remodeling or construction work performed by the defendant during the relevant time period were all overbroad because "each request solicit[ed] a broad spectrum of documents that, at first glance, would include a number of materials unrelated to interstate commerce or the measure of [defendant's] sales in any fiscal year." <u>Id.</u> at 1310.  If the requests in <u>Josendis</u> -- which actually provided the name of the alleged kitchen remodeling job in the complaint -- were deemed overbroad by the court, then <u>a fortiori</u>, Plaintiff's Interrogatories here should also be deemed overbroad in nature.

Lastly, discovery needs to be proportional to the needs of the case under Rule 26. Interrogatory No. 6 falls well short of this standard by the sheer amount of information requested therein, most of which has nothing to do with this case.  Plaintiff's claim, which requests $19,040 in statutory damages (<u>see</u> Dkt. No. 8.), should not require this much discovery. Providing a response that Plaintiff desires would be a tremendously time-consuming, and close to impossible, task for the Defendants.  As Defendants have maintained from the beginning of this case, Plaintiff has engaged in this strategy of over-working the file in order to (artificially) drive up the attorney's fees.  The Court should not countenance this conduct, and should find that Defendants' objection on the discovery not being proportional to the needs of this case was well-founded and proper.  Of course, this issue could have been short-circuited had Plaintiff provided the name(s) of the alleged construction project(s) he allegedly worked on during his alleged employ with the Defendants.  Having this information could have resulted in a more direct Interrogatory and (perhaps) a stipulation that the interstate commerce requirement was fulfilled.

9

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

C.  **Defendants' Response To Interrogatory No. 7 Was Sufficient And Their Objections Thereto Should Be Sustained.**

Plaintiff's Interrogatory No. 7 requests the name, address, date of birth, <u>social security numbers</u>, and telephone numbers of all of Defendants' employees, independent contractors, laborers that had "the same and/or similar job title and/or duties as Plaintiff from the years 2012, 2013, 2014, 2015 and 2016."  (Mot. at Ex. A., Interrog. No. 7.)

Not only have the Defendants not been apprised of the Plaintiff's job title and/or duties he allegedly had during his alleged employment with the Defendants, either by way of the Complaint or otherwise, the Interrogatory essentially requests a list of any person who the Defendants have ever worked with in their individual or business capacity.  Without knowing what Plaintiff's job title and duties were (aside from the general "construction worker" allegation in the Complaint), the Defendants are left to guess how to properly respond to this Interrogatory and, furthermore, it turns what could be a potentially brief response into a massive undertaking.

The Interrogatory also seeks confidential information belonging to third parties (<u>i.e.</u>, social security numbers), over which these third parties should have an expectation of privacy. <u>See</u> <u>Hemenway v. Bartoletta</u>, Case No.8:11-cv-597-T-30AEP, 2012 WL 12914663, at * 2 (M.D. Fla. April 3, 2012) (recognizing that third parties who are not privy to information requested in subpoena may be negatively affected).  Also, it is not clear why Plaintiff requested this information as far back as 2012, since he alleges to have been employed by the Defendants in 2013.  The names, social security numbers and telephone numbers of employees, laborers and contractors in 2012 would do nothing to establish the interstate commerce requirement in this action.

10

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

To reiterate, discovery must be proportional to the needs of the case under Rule 26. Accordingly, Defendants should not have to provide a list of employees, laborers and contractors that could be so voluminous that it takes the Defendants away from their business, thereby causing them to incur more in costs and lost business opportunities than this case is worth. Instead, the Defendants assert that this issue concerning interstate commerce could have easily been addressed with a discussion among counsel that would provide the Defendants the name(s) of construction project(s) on which Plaintiff allegedly worked during the alleged relevant time period.

to the issues of this case.

### IV.  CONCLUSION

Defendants' responses complied with the rules of discovery and any objections to the Interrogatories were clearly well-founded, thereby supporting a denial of the Motion and its request for sanctions.  Most of the issues surrounding the interstate commerce requirement could be easily resolved had Plaintiff provided the Defendants with the names, locations and dates of the construction project(s) on which he allegedly worked for the Defendants. But he has refused to do so, and Defendants have been forced to serve discovery and wait on his responses to properly address this issue, which should be tabled until Plaintiff provides his responses.

WHEREFORE, based on the foregoing, Defendants respectfully request that this Court

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306

11

deny the Motion in its entirety.

                                                    Respectfully submitted,

                                                    Law Offices of Robert P. Frankel,  P.A.
                                                    Attorneys for Defendants
                                                    1000 South Pine Island Road, Suite 410
                                                    Plantation, Florida 33324
                                                    Robert@frankelpa.com
                                                    Kim@frankelpa.com
                                                    Lana@Frankelpa.com
                                                    (305) 358-5690; (305) 358-2306 FAX

                                                    By____*/s/Robert P. Frankel/*_____
                                                         ROBERT P. FRANKEL
                                                         Florida Bar No. 304786

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy was served upon Alex Granados, 5877 Triphammer Road, Lake Worth, Florida 33463; and  J.H. Zidel, Esquire and Rivkah F. Jaff, Esquire, 300 71st Street, Suite 605, Miami Beach, Florida 33141 zabogado@aol.com and rivkah.jaff@gmail.com on this January 17, 2018.


                                                  By____*/s/Robert P. Frankel/*_____
                                                         ROBERT P. FRANKEL

12

**Law Offices of Robert P. Frankel, P.A.**
1000 S. Pine Island Road, Suite 410, Plantation, Florida 33324 • Tel: (305) 358-5690 • Fax: (305) 358-2306