UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20581-CIV-FAM

| | |
|---|---|
| ROGELIO AROLDO CABRERA and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| CMG DEVELOPMENT, LLC, et al., | ) ) |
| Defendants. | ) ) |

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENTAGREEMENT[1], STIPULATED DISMISSAL WITH PREJUDICE AS TO DEFENDANTS, CMG DEVELOPMENT, LLC AND CARLOS M. GONZALEZ ONLY, AND FOR THE COURT TO RETAIN JURISDICTION**

The Parties, Plaintiff, ROGELIO AROLDO CABRERA ("Plaintiff"), and Defendants, CMG DEVELOPMENT LLC and CARLOS M GONZALEZ ("Defendants"),(collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement, Stipulated Dismissal with Prejudice **as to Defendants, CMG DEVELOPMENT, LLC and CARLOS M. GONZALEZ only**, and for the Court to Retain Jurisdiction, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

---

[1] The Agreement between Plaintiff and **only Defendants, CMG Development, LLC and Carlos M. Gonzalez**. The Motion for Approval of the Settlement Agreement by and between Plaintiff and Defendant, ALEX GRANADOS a/k/a GERBER ALEXANDER GRANADOS, is pending and ripe for review. [DE53].

To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claim for overtime wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216 and the alleged damages associated with same. Plaintiff contends that he worked for Defendants as a construction worker and was not paid as required by the FLSA during the relevant time period. Defendants have asserted various affirmative defenses including, but not limited to, that Plaintiff was not an employee as that term is defined under the FLSA but was an independent contractor and, therefore, not entitled to overtime. Notwithstanding their factual disputes, the parties have settled this case, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation.

The Parties have been exploring in good-faith settlement and have finally reached a full settlement **as to Defendants, CMG DEVELOPMENT, LLC and CARLOS M. GONZALEZ only to** avoid risks and additional expenses associated with continued litigation of this matter, including jury trial and any and all post trial matters (i.e. appeal, etc.).As indicated by Plaintiff's Statement of Claim [DE8], Plaintiff's un-liquidated wage damages total are $9,520.00. Thus. in receiving the amount set forth in this Settlement Agreement along with the amount received by Plaintiff in the Settlement Agreement by and between Plaintiff and Defendant Granados, Plaintiff is receiving more than his entire wages sought un-liquidated (notwithstanding the risks of litigation has this matter proceeded to a Jury trial). Further, as per the Settlement Agreement,

Plaintiff will be receiving his portion under the Agreement within the first sixty (60) days whereas counsel will have to wait for same. Further, Plaintiff's counsel's fees are justified given the procedural history of the case at bar, combined with fees expended in relation to the Appeal (Case No.: 17-10567-EE) and the sister-case (Case No.: 17-20017-CIV-CMM). Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.  There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

      The Parties have submitted the Settlement Agreement via email submission to the Court for an *in camera* review. As per the Settlement Agreement, Plaintiff and Defendants agree that each party shall bear their own respective attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action with prejudice on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

      As set forth in the Settlement Agreement, the agreement between Plaintiff and **<u>Defendants, CMG DEVELOPMENT LLC and CARLOS M GONZALEZ only,</u>** in no way whatsoever shall affect the release of Defendant, ALEX GRANADOS a/k/a GERBER ALEXANDER GRANADOS, in this Litigation and/or Appeal. Furthermore, the amount paid by the settling Defendants, CMG DEVELOPMENT, LLC, and/or CARLOS M. GONZALEZ, shall not be used to affect Plaintiff's wage claims, attorneys' fees and costs in the Litigation and/or

Appeal, against the non-settling Defendant, ALEX GRANADOS a/k/a GERBER ALEXANDER GRANADOS.

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement by and between Plaintiff and **as to Defendants, CMG DEVELOPMENT, LLC and CARLOS M. GONZALEZ only**; (2) dismissing this action with prejudice **as to Defendants, CMG DEVELOPMENT, LLC and CARLOS M. GONZALEZ only** pursuant to the Parties' written Settlement Agreement; (3) that the Court retain jurisdiction over enforcement of the Settlement Agreement; and (4) denying as moot all pending motions **as to Defendants, CMG DEVELOPMENT, LLC and CARLOS M. GONZALEZ only**.

Respectfully submitted this 14th day of March, 2018.

By: */s/ Rivkah F. Jaff, Esq.*
   Rivkah F. Jaff, Esq.
   Fla. Bar No. 107511
   Email: Rivkah.Jaff@gmail.com
   J.H. ZIDELL, P.A.
   300 71st Street, Suite 605
   Miami Beach, FL 33141
   Telephone: (305) 865-6766
   Facsimile: (305) 865-7167
   *Attorney for Plaintiff*

By: */s/ Robert P. Frankel, Esq.*
   Robert P. Frankel, Esq.
   Fla. Bar. No.: 304786
   Email: RobertFrankel@bellsouth.net
   Robert P. Frankel & Associates P.A.
   25 W. Flagler Street, Suite 900
   Miami, FL 33130
   Telephone: (305) 358-5690
   Facsimile: (305) 358-2306
   *Attorneys for Defendants, CMG Development, LLC and Carlos M. Gonzalez*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20581-CIV-FAM

ROGELIO AROLDO CABRERA and all )
others similarly situated under 29 U.S.C. )
216(b), )
                                                                                                                                                                          )
                Plaintiff, )
  vs. )
                                                                          )
CMG DEVELOPMENT LLC, et al., )
                                                                             )
                Defendants. )
_____ )

**ORDER APPROVING JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE AS TO
DEFENDANTS, CMG DEVELOPMENT, LLC AND CARLOS M. GONZALEZ ONLY,
AND FOR THE COURT TO RETAIN JURISDICTION**

Having reviewed the Settlement Agreement between the Parties, Plaintiff, ROGELIO AROLDO CABRERA ("Plaintiff"), and Defendants, CMG DEVELOPMENT, LLC and CARLOS M. GONZALEZ ("Defendants"),(collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"),it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claims against **Defendants, CMG DEVELOPMENT, LLC and CARLOS M. GONZALEZ only,** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement between Plaintiff and Defendants, CMG Development, LLC and Carlos M. Gonzalez, is hereby **APPROVED** in its entirety by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE as to Defendants, CMG DEVELOPMENT, LLC and CARLOS M. GONZALEZ only,** with the Court to retain

jurisdiction to enforce the terms of the Settlement Agreement. All pending motions in this case **as to Defendants, CMG DEVELOPMENT, LLC and CARLOS M. GONZALEZ,** are DENIED as moot, and this case is CLOSED **as to Defendants, CMG DEVELOPMENT LLC and CARLOS M GONZALEZ only**.

As set forth in the Settlement Agreement, the agreement between Plaintiff and **as to Defendants, CMG DEVELOPMENT LLC and CARLOS M GONZALEZ only,** in no way whatsoever shall affect the release of Defendant, ALEX GRANADOS a/k/a GERBER ALEXANDER GRANADOS, in this Litigation and/or Appeal. Furthermore, the amount paid by the settling Defendants, CMG DEVELOPMENT, LLC, and/or CARLOS M. GONZALEZ, shall not be used to affect Plaintiff's wage claims, attorneys' fees and costs in the Litigation and/or Appeal, against the non-settling Defendant, ALEX GRANADOS a/k/a GERBER ALEXANDER GRANADOS.

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of _____ 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record